JH

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL 1 7 2007 *rq*
Jul. 17, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

QUINCY A. ASBURY, SR. and
LILLIE ASBURY,

        Plaintiffs,

    vs.

PENTAGROUP FINANCIAL, LLC,

        Defendant.

)
)
)
)
)
)
)
)

**07CV3999**
**JUDGE LEINENWEBER**
**MAG.JUDGE NOLAN**

## COMPLAINT

### INTRODUCTION

1.    Plaintiffs Quincy A. Asbury, Sr. and Lillie Asbury bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Pentagroup Financial, LLC. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

2.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

3.    Venue and personal jurisdiction in this District are proper because:

    a.    Defendant's collection communications were received by plaintiff within this District;

    b.    Defendant does business within this District.

### PARTIES

4.    Plaintiffs Quincy A. Asbury, Sr. and Lillie Asbury are individuals who reside in the Northern District of Illinois.

1

5.      Defendant Pentagroup Financial, LLC is a limited liability company chartered under Texas law with offices at 5959 Corporate Drive, Suite 1400, Houston, TX 77036. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

6.      Defendant regularly uses the mails and telephones to collect consumer debts originally owed to others.

7.      Defendant is a "debt collector" as defined in the FDCPA.

## FACTS

8.      On or about June 7, 2007, defendant mailed plaintiff the collection letter attached as Exhibit A, seeking to collect an alleged debt incurred for personal, family or household purposes. The letter was correctly addressed.

9.      On June 7, 2007, at 9.41 a.m., one of defendant's debt collectors left a message on the voicemail of plaintiffs. The messages stated: "Mr. Quincy Asbury Sr. This is Mr. Hokam. It is very important that you contact me at my direct line 1-866-342-9737."

10.     The number left is used by defendant.

11.     On June 7, 2007, defendant therefore was aware of plaintiffs' address and telephone number.

12.     On June 7, 2007, at 9.47 a.m., one of defendant's debt collectors called plaintiffs' daughter and left the following message: "Hello, Miss Karen Lynn Augustyn, my name is Mr. Hokam. I'm calling to speak to Mr. Quincy A. Asbury, Sr. Could you please pass the message to him to return the phone call. My direct number is 1-866-342-9737, that number again, 1-866-342-9737."

13.     After receiving the message from her daughter, Ms. Asbury called the number 1-866-342-9737 and left a message providing the name and number of Mr. Asbury's attorney.

14.     At that point, defendant should not have engaged in any further

2

communication with plaintiffs, pursuant to 15 U.S.C. §1692c.

15.     About 10 minutes after Ms. Asbury left the message, defendant's representative called Ms. Asbury back and stated that he needed her name, which she provided.

16.     About 10 minutes after that, the same person called again and claimed that he had been told that the attorney did not represent Mr. Asbury. The caller then yelled at Ms. Asbury that she was lying and just trying to not pay the debt.

17.     The debt was not the responsibility of Ms. Asbury at any time.

18.     The caller then asked, "Where is junior," referring to Quincy Asbury, Jr.

19.     Ms. Asbury responded that "Junior" had nothing to do with the matter.

20.     The caller asserted that "well from what I can see Jr. has all of Mr. Asbury's property, but he is not paying the bills."

21.     On or about June 13, 2007, the same representative of defendant called Ms. Asbury on a cell phone. He stated that Ms. Asbury should be ashamed for not paying this bill and that he was sure she had benefitted from the credit card also. Ms. Asbury again provided the name of the attorney.

22.     On June 14, 2007, Mr. Asbury's attorney faxed a letter to defendant, a copy of which is attached as Exhibit B.

23.     On June 18, 2007, the same representative of defendant called plaintiffs' daughter, asking that she get a message to Mr. Asbury.

24.     Defendant, which only was licensed as an Illinois collection agency in July 2002, has engaged in a pattern of similar abusive conduct – third party communications, verbal abuse, communications with represented debtors, messages without meaningful disclosure of caller's identity – as set forth in:

      a.    Connolly v. Pentagroup Financial, 06 C 6898 (N.D.Ill.) (Exhibit C);

      b.    Wines v. Pentagroup Financial, 05 C 582 (N.D.Ill.) (Exhibit D);

      c.    Fawcett v. MS Services LLC et al., 3:2006cv03029 (C.D.Ill.)

3

(Exhibit E);

d.   Gordon v. Pentagroup Financial, LLC, 2:06-cv-02232-MPM-DGB (C.D.Ill.) (Exhibit F);

e.   Wiley v. Pentagroup Financial LLC, 2:05-cv-02277-HAB-DGB (C.D.Ill.) (Exhibit G);

f.   Traylor v. Pentagroup Financial, 8:06-cv-00293-LSC-FG3 (D.Neb.) (Exhibit H).

g.   Charles v. Pentagroup Financial, 0:07-cv-01644-PJS-JJG (D.Minn.) (Exhibit I);

h.   Dziedzic v. Pentagroup Financial LLC, 0:06-cv-02953-JMR-FLN (D.Minn.) (Exhibit J);

i.   Wagner v. Pentagroup Financial LLC, 0:06-cv-02954-JMR-FLN (D.Minn.) (Exhibit K);

j.   Helling v. Pentagroup Financial LLC, 1:07-cv-00545-MHT-CSC (M.D.Ala.) (Exhibit L);

k.   Moss v. Pentagroup Financial LLC, A07CA248LY (W.D.Tex.) (Exhibit M);

l.   Thomas-Atkinson v. Pentagroup Financial, LLC, 2:06-cv-00660-TJS (E.D.Pa.) (Exhibit N);

m.   Kordes v. Pentagroup Financial, LLC et al., 4:07-cv-00670-PCE (N.D.Ohio) (Exhibit O);

n.   Sutcliffe v. Pentagroup Financial, LLC, 3:06-cv-02776-JGC (N.D.Ohio) (Exhibit P);

o.   MacPherson v. Nextel Communications et al, 6:05-cv-03377-RED (W.D.Mo.) (Exhibit Q);

p.   Cook et al v. Pentagroup Financial, LLC et al, 6:05-cv-06077-HO

(D.Ore.) (Exhibit R).

25.     Defendant nevertheless represents in Exhibit A that its representatives are courteous and friendly.

## COUNT I – FDCPA

26.     Plaintiffs incorporate paragraphs 1-25.

27.     The message left by defendant on plaintiffs' voicemail at 9.41 a.m. on June 7, 2007, violated 15 U.S.C. §§1692d(6) and 1692e(11).

28.     The telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e(11). *Foti v. NCO Financial Systems*, 04cv707, 2006 U.S.Dist. LEXIS 13857 (S.D.N.Y. March 28, 2006).

29.     15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

30.     Section 1692e(11) makes unlawful:

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

31.     The telephone message did not state that the caller was a debt collector, that the caller was attempting to collect a debt and that any information obtained will be used for that purpose, as required by 15 U.S.C. §1692e(11).

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

(1)     Statutory damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

(3)     Such other and further relief as the Court deems proper.

5

## COUNT II – FDCPA

32.     Plaintiffs incorporate paragraphs 1-25.

33.     The message left by defendant on the voicemail of plaintiffs' daughter at 9.47 a.m. on June 7, 2007, violated 15 U.S.C. §1692c, in that it represents a communication to an unauthorized third party.

34.     The communication to plaintiffs' daughter was calculated to and did embarrass plaintiffs.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

    (1)     Statutory damages;

    (2)     Actual damages;

    (3)     Attorney's fees, litigation expenses and costs of suit;

    (4)     Such other and further relief as the Court deems proper.

## COUNT III – FDCPA

35.     Plaintiffs incorporate paragraphs 1-25.

36.     All telephone communications from defendant after Ms. Asbury provided the name of Mr. Asbury's attorney violated 15 U.S.C. §1692c.

37.     The two subsequent telephone calls on June 7, 2007 were harassing and contained multiple misrepresentations, in violation of 15 U.S.C. §§1692d and 1692e. The misrepresentations are that the caller needed to call back and get the caller's name, that the attorney did not represent Mr. Asbury, that Ms. Asbury was lying and attempting to avoid paying a debt, and the statement that Quincy Asbury Jr. had some responsibility in the matter.

38.     The June 13, 2007 call also was harassing and contained multiple misrepresentations, in violation of 15 U.S.C. §§1692d and 1692e. The misrepresentation is that Ms. Asbury had some responsibility for the alleged debt.

39.     The communications were calculated to and did harass and embarrass Ms.

6

Asbury.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

(1)    Statutory damages;

(2)    Actual damages;

(3)    Attorney's fees, litigation expenses and costs of suit;

(4)    Such other and further relief as the Court deems proper.

### COUNT IV – FDCPA

40.    Plaintiffs incorporate paragraphs 1-25.

41.    The June 18, 2007 call to plaintiffs' daughter violated:

a.    15 U.S.C. §1692c, because it represents a communication to an unauthorized third party;

b.    15 U.S.C. §1692c, because the putative debtor was represented by counsel;

c.    15 U.S.C. §1692g, because the putative debtor's counsel had requested verification of the debt in Exhibit B and it had not been provided.

42.    The communication to plaintiffs' daughter was calculated to and did embarrass plaintiffs.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

(1)    Statutory damages;

(2)    Actual damages;

(3)    Attorney's fees, litigation expenses and costs of suit;

(4)    Such other and further relief as the Court deems proper.

7

## COUNT V – INVASION OF PRIVACY

43.     Plaintiffs incorporate paragraphs 1-25.

44.     Defendant violated plaintiffs' right to seclusion by making the unlawful telephone calls described above.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

        (1)     Actual damages, including general damages;

        (2)     Punitive damages;

        (3)     Costs of suit;

        (4)     Such other or further relief as the Court deems proper.

## COUNT VI – CONSUMER FRAUD ACT

45.     Plaintiffs incorporate paragraphs 1-25.

46.     Defendant engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by engaging in the conduct described above.

47.     Defendant engaged in such conduct in the course of trade and commerce.

48.     Defendant engaged in such conduct for the purpose of obtaining money from plaintiffs.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

        (1)     Actual damages;

        (2)     Punitive damages;

        (3)     Injunctive relief against further violations;

        (4)     Attorney's fees, litigation expenses and costs of suit;

        (5)     Such other or further relief as the Court deems proper.

8

## COUNT VII – COLLECTION AGENCY ACT

49. Plaintiffs incorporate paragraphs 1-25.

50. Defendant is a collection agency as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq., and holds a license as such.

51. Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (15) Communicating with the debtor or any member of the debtor's family at such a time of day or night and with such frequency as to constitute harassment of the debtor or any member of the debtor's family. For purposes of this Section the following conduct shall constitute harassment: . . .**

> **(D) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.**

**(16) Using profane, obscene or abusive language in communicating with a debtor, his or her family or others.**

**(17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law. . . .**

**(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**

**(21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .**

**(30) Communicating or threatening to communicate with a debtor when the debt collector is informed in writing by an attorney that the attorney represents the debtor concerning the claim, unless authorized by the attorney. If the attorney fails to respond within a reasonable period of time, the collector may communicate with the debtor. The collector may communicate with the debtor when the attorney gives his consent. . . .**

52. Plaintiffs were damaged as a result.

WHEREFORE, plaintiffs request that the Court grant the following relief in favor of plaintiffs and against defendant:

    (1) Compensatory and punitive damages;

    (2) Costs.

9

(3)     Such other and further relief as is appropriate.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

10

## JURY DEMAND

Plaintiffs demand trial by jury.

_____
Daniel A. Edelman

11

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

12

**EXHIBIT A**

# Pentagroup Financial, LLC

5959 Corporate Drive, Suite 1400
Houston, Texas 77036
Toll Free: (800) 951-0638
Houston Local: (832) 615-2124

June 07th, 2007

29131164/14426197070606368/1537   (#197)  04554
QUINCY A ASBURY SR
4626 N KENTON AVE
CHICAGO, IL 60630-4020

**RE:  Current Creditor:**     CACH, LLC.
      **Original Creditor:**    BANK OF AMERICA, N.A.
      **Current Balance Due:**  $7,909.76
      **Current Account No.:**
      **Original Account No.:**

Dear QUINCY A ASBURY SR:

Pentagroup Financial, LLC has been hired by the above referenced Current Creditor to contact you regarding the above referenced debt. Please be advised that the Current Creditor listed above has purchased the above referenced debt from the Original Creditor listed above. As of the date of this letter the Current Creditor's records indicate that the Balance Due remains unpaid.

If payment is not made in a timely manner, further collection activity may be instituted. Your prompt attention to this matter will be appreciated.

If you have any questions or wish to discuss your account with one of our courteous and friendly representatives, please call us at the toll free number listed above.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original credit grantor, if different from the current credit grantor.

indis- cal

**EXHIBIT B**

*Debt Counsel for Seniors & the Disabled*

# DCSD

14 June 2007

**BY FAX ONLY: 832-615-2399**
**Page 1 of 2**

Collections Manager
Pentagroup Financial, LLC
5959 Corporate Drive, Ste. 1400
Houston, TX 77036-2308

**Re:     Quincy Asbury**
**Your file or reference No.:**
**Our file No.:**

Dear General Counsel or Compliance Officer:

Please be advised that my law firm represents the above-referenced client for the purpose of enforcing their rights against debt collectors under all applicable federal laws.

This letter serves as notice that my client hereby **disputes** the above-referenced alleged debt and requests **validation** of it in accordance with **15 U.S.C. § 1692g**. Please provide any agreement(s) our client signed with the original creditor, an accounting history showing how you got to the amounts claimed and when this alleged debt was charged off. Furthermore, pursuant to **§ 9-406 of the Uniform Commercial Code**, you are hereby requested to provide proof that you or your principal is in fact the assignee of the debt described above and that you are legally authorized to attempt to collect the claimed debt from my client. Unless and until such proof is furnished, we do not recognize any right on your part to attempt to collect any amount from our client through credit reporting or any other means. Moreover, all changes in terms of this alleged debt are hereby objected to and rejected. Please be advised that the continuation of collection activity without adequately responding to these requests may result in a lawsuit against you.

As the client's attorney, I also respectfully inform you that you must **cease** contacting them according to **§§ 1692c(a)(2) AND 1692c(c)** of the Fair Debt Collection Practices Act, since this letter not only serves as notice of our representation of this client but also contains a **cease and desist order** signed and notarized by the alleged debtor. If and when you violate these statutes, I will not hesitate to pursue all legal remedies on behalf of my client in the United States District Court.

Very truly yours,

Jerome S. Lamet, Supervising Attorney
Debt Counsel for the Seniors and the Disabled
Cc: Quincy Asbury

Jerome S. Lamet, Supervising Attorney
The Pontiac Building
542 South Dearborn
Suite 1260
Chicago, Illinois 60605
V: (312) 939-2221
F: (312) 939-2741

**EXHIBIT C**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JOSEPH CONNOLLY,                     )
                       )
         Plaintiff,        )     06 C 6898
                       )
    vs.                              )
                       )
PENTAGROUP FINANCIAL, LLC,           )
                       )
                       )    **JURY DEMANDED**
        Defendant.        )

### AMENDED COMPLAINT

### INTRODUCTION

1.    Plaintiff Joseph Connolly ("Connolly") brings this action to secure redress from unlawful credit and collection practices engaged in by defendant, Pentagroup Financial, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

2.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue and personal jurisdiction in this District are proper because:

    a.    Defendant's collection communications were received by plaintiff within this District;

    b.    Defendant does business within this District.

### PARTIES

4.    Plaintiff Joseph Connolly is an individual who resides in Chicago, Illinois.

5.    Defendant Pentagroup Financial, LLC is a limited liability company

1

chartered under Texas law with offices at 5959 Corporate Drive, Suite 1400, Houston, TX 77036. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

6.     Defendant regularly uses the mails and telephones to collect consumer debts originally owed to others.

7.     Defendant is a "debt collector" as defined in the FDCPA.

## FACTS

8.     On or about October 31, 2006, one of defendant's debt collectors left a message on plaintiff's voicemail. The voicemail stated as follows, "This message is for Joseph Connolly, regarding a personal business matter. Please return this call to 866-384-6884. This is not a marketing call."

9.     The number left is used by defendant.

10.    The message was left for the purpose of collecting an alleged debt incurred

for personal, family or household purposes.

11.    The message did not state the company calling or that it was from a debt collector.

## VIOLATIONS COMPLAINED OF

12.    The  message left by defendant on plaintiff's voicemail violated 15 U.S.C. §§1692d(6) and 1692e(11).

13.    The telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e(11). *Foti v. NCO Financial Systems*, 04cv707, 2006 U.S.Dist. LEXIS 13857 (S.D.N.Y. March 28, 2006).

14.    15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

2

15.   Section 1692e(11) makes unlawful:

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

16.   The telephone message did not state that the caller was a debt collector, that the caller was attempting to collect a debt and that any information obtained will be used for that purpose, as required by 15 U.S.C. §1692e(11).

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1)   Statutory damages;

(2)   Attorney's fees, litigation expenses and costs of suit;

(3)   Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

3

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on January 3, 2007, I caused to be served, a copy of the Amended Complaint filed today in the above referenced case via hand delivery on the following party:

Pentagroup Financial, LLC
c/o Ct Corporation System, registered agent
208 S. LaSalle St., Suite 814
Chicago, IL 60604

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

4

**EXHIBIT D**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**

FEB 0 1 2005 *rq*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| ROBERT WINES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PENTAGROUP FINANCIAL, LLC , | ) |
| | ) |
| Defendant. | ) |

JUDGE JOAN H. LEFKOW

No. **05C 0582**

MAGISTRATE JUDGE ASHMAN

## COMPLAINT

NOW COMES the Plaintiff, ROBERT WINES, JR., by and through his attorneys,

KROHN & MOSS, LTD., complaining against the Defendant, PENTAGROUP FINANCIAL,

LLC, and alleging as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt

Collection Practices Act, 15 U.S.C. §1692, et seq.

## JURISDICTION AND VENUE

2.     Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. §1692,

et seq.

## PARTIES

3.     Plaintiff, ROBERT WINES, Jr., is an individual who was at all relevant times

residing in the State of Illinois.

4.    At all relevant times herein, Defendant, PENTAGROUP FINANCIAL, LLC, acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Household Finance.

5.    Defendant is a corporation that has its principal place of business and its offices located in the City of Houston, State of Texas.

## ALLEGATIONS

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT

6.    In November 2004, Robert Wines, Jr. ("Plaintiff") received a telephone call from a Ms. Weber stating she was calling from Pentagroup Financial, LLC ("Defendant") to collect a debt owed by Plaintiff to Household Finance in the amount of $7,728.20.

7.    Defendant explained to Plaintiff that he needed to pay the entire balance of the debt.

8.    Plaintiff requested that a bill of sale be sent to him to verify the amount of debt he owed to Household finance. The truck, which is the subject of this debt, was repossessed from Plaintiff and later resold.

9.    After Plaintiff's request for a copy of the bill of sale, Defendant became hostile and aggressive with Plaintiff forcing him to end the telephone call.

10.    In November of 2004, shortly after the first conversation with Defendant, Plaintiff contacted Defendant to inquire into the repossessed truck and the status of the debt.

11.    Plaintiff briefly spoke again with Ms. Weber. She then directed his call to one of her assistants, Ms. Marshall. Plaintiff inquired into the sale of the repossessed truck and again requested a bill of sale. Defendant became hostile and aggressive and told Plaintiff that she

would get his money regardless of whether Plaintiff reviewed the bill of sale or not. She then began to verbally abuse Plaintiff with racial slurs. Defendant then hung up on the Plaintiff.

12.     Plaintiff immediately called Defendant back and requested that he only speak with Ms. Weber regarding this debt.

13.     On January 19, 2005, Plaintiff received a phone call from an agent of the Defendant, Mr. Routhe. Mr. Routhe identified himself as a mediator and stated that he was hired by the Defendant to negotiate the balance of the debt. Routhe proposed to take 25% off of the balance, leaving Plaintiff with an outstanding balance of $5,700. Plaintiff explained that he was unable to pay any amount.

14.     Defendant stated he needed the money within 30 days or he would go back to Pentagroup Financial and indicate that Plaintiff was unwilling to pay the debt. Plaintiff indicated he would not agree to anything until he spoke to an attorney. Defendant stated he would give him until Tuesday, January 25, 2005 to make a decision.

15.     On January 30, 2005, Plaintiff received a telephone call from a Mr. Raugith stating that he was calling from Pentagroup Financial. Plaintiff immediately stated that he was represented by counsel, and that any communication regarding this debt should be directed to his attorneys. Plaintiff immediately offered the name and phone number of his attorney to the Defendant.

16.     Defendant ignored Plaintiff's request that all communication be directed to his attorneys and began to harass and abuse the Plaintiff in connection with the collection of the debt. Defendant stated that Plaintiff was just attempting to get out of paying his debt, and suggested that Plaintiff be a man and pay his bill. Plaintiff continued to explain that he was represented by counsel, Defendant responded that the Plaintiff was a thief and liar.

17.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

a.      Engaged in the use of obscene or profane language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

b.      Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

c.      Communicated with the consumer in connection with the collection of any debt when the debt collector knew the consumer was represented by an attorney with respect to such debt and has knowledge of, or could readily ascertain, such attorney's name and address without the prior consent of the consumer given directly to the debt collector in violation of 15 U.S.C. §1692c(2)

d.      Was otherwise deceptive and failed to comply in anyway with the Fair Debt Collection Practices Act.

18.     As a result of the Defendant's violations as aforesaid the Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE Plaintiff, ROBERT WINES, JR., by and through his attorneys, respectfully prays for judgment as follows:

a.      All actual compensatory damages suffered;

b.      Statutory damages of $1,000.00 for each violation as identified above;

c.      Plaintiff's attorneys' fees and costs;

d.      Any other relief deemed appropriate by this Honorable Court.

***\*\*\*PLAINTIFF REQUESTS A TRIAL BY JURY \*\*\****

Respectfully Submitted,
**ROBERT WINES, JR.**

By: _____

Attorney for Plaintiff

KROHN & MOSS, LTD.
Attorneys for Plaintiff
120 West Madison Street, 10th Floor
Chicago, Illinois 60602
(312) 578-9428

**EXHIBIT E**

**E-FILED**
Wednesday, 08 March, 2006 11:57:38 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KIMBERLY J. FAWCETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MS SERVICES, LLC; MOUNTAIN ) | Civil Action No. 06 - 3029 |
| STATES ADJUSTMENT; ) | |
| PENTAGROUP FINANCIAL, LLC; ) | |
| DANNY RUFFORD; DANNY ) | |
| RUTHERFORD; and JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

### AMENDMENT TO COMPLAINT

NOW COMES the Plaintiff, KIMBERLY J. FAWCETT, by and through her attorneys, VONACHEN, LAWLESS, TRAGER & SLEVIN, and files her Amendment to Complaint against the Defendants, PENTAGROUP FINANCIAL, LLC; DANNY RUFFORD; DANNY RUTHERFORD; and JOHN DOE, adding Count II, as follows:

### COUNT II

For a cause of action against PENTAGROUP FINANCIAL, LLC; DANNY RUFFORD; DANNY RUTHERFORD; and JOHN DOE, Plaintiff, KIMBERLY J. FAWCETT, says:

14. PENTAGROUP FINANCIAL, LLC (hereinafter identified as "PENTAGROUP") is a debt collector as that term is used in the Fair Debt Collection Act, 15 U.S.C. §1692.

Vonachen,
Lawless, Trager
& Slevin

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

-1-

15. "DANNY RUFFORD" (hereinafter identified as "RUFFORD") and/or "DANNY RUTHERFORD" (hereinafter identified as "RUTHERFORD") are the actual or "street name" or aliases of a certain debt collector.

16. "JOHN DOE" is an unknown individual who used the street name or alias of "DANNY RUFFORD" and/or "DANNY RUTHERFORD."

17. "RUFFORD," "RUTHERFORD," and "JOHN DOE" are debt collectors as that term is used in the Fair Debt Collection Act, 15 U.S.C. §1692.

18. PENTAGROUP, RUFFORD, RUTHERFORD and JOHN DOE violated 15 U.S.C. §1692c by communicating with FAWCETT at her place of employment when they knew or had reason to know that her employer prohibited her from receiving such communications.

19. PENTAGROUP, RUFFORD, RUTHERFORD, and JOHN DOE violated 15 U.S.C. §1692c by communicating with third parties in connection with the collection of debts of FAWCETT.

20. PENTAGROUP, RUFFORD, RUTHERFORD, and JOHN DOE harassed or abused FAWCETT in violation of 15 U.S.C. §1692d.

21. PENTAGROUP, RUFFORD, RUTHERFORD, and JOHN DOE violated 15 U.S.C. §1692d by placing telephone calls without meaningful disclosure of the caller's identity in connection with the collection of debts of FAWCETT.

22. PENTAGROUP, RUFFORD, RUTHERFORD, and JOHN DOE violated 15 U.S.C. §1692 by making false or misleading representations in connection with the collection of debts of FAWCETT.

Vonachen,
Lawless, Trager
& Slevin

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

-2-

**RELIEF SOUGHT**

WHEREFORE, Plaintiff, KIMBERLY J. FAWCETT, prays:

(a)  For her actual damages and such additional damages as the Court may allow;

(b)  For the cost of suit herein, including Plaintiff's reasonable attorney's fees as determined by the Court; and

(c)  For such other and further relief as this Court deems appropriate and proper.

TRIAL BY JURY IS DEMANDED.

KIMBERLY J. FAWCETT, Plaintiff,

BY:_____/s/ M. Michael Waters_____
One of Plaintiff's Attorneys

M. MICHAEL WATERS
VONACHEN, LAWLESS, TRAGER & SLEVIN
Suite 425, Twin Towers Plaza
456 Fulton Street
Peoria, IL 61602
Telephone: (309) 676-8986
mmw\fawcett\pleadings\amendtocomplaint

Vonachen,
Lawless, Trager
& Slevin

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

-3-

**E-FILED**
Wednesday, 23 May, 2007 12:56:55 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KIMBERLY J. FAWCETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 06-3029 |
| | ) | |
| MS SERVICES, LLC, MOUNTAIN | ) | |
| STATES ADJUSTMENT, | ) | |
| PENTAGROUP FINANCIAL, LLC, | ) | |
| DANNY RUTHERFORD and JOHN | ) | |
| DOE, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

RICHARD MILLS, U.S. District Judge:

The Court now considers Defendant Pentagroup's Motion for Entry

of Judgment For Statutory/Actual Damages, Reasonable Attorney's Fees

and Costs Pursuant to Plaintiff's Acceptance of Defendant's Rule 68

Offer of Judgment.

In support of its motion, Pentagroup states that it answered Plaintff

Kimberly J. Fawcett's one-count Fair Debt Collection Practices Act claim

on May 26, 2006. Pentagroup engaged in settlement discussions with

1

Plaintiff's counsel. After a status conference, Pentagroup presented Plaintiff with an offer of judgment under Federal Rule of Civil Procedure 68. Pentagroup tendered the offer on August 31, 2006, and agreed to pay $1,500.00 in statutory damages and/or actual damages plus reasonable attorney's fees and costs. Plaintiff agreed to the offer on September 11, 2006. Her counsel also agreed.

Since the time of the agreement, Pentagroup has made numerous attempts to reach Plaintiff's counsel. Pentagroup has been unsuccessful in that regard and Plaintiff's counsel has not contacted Pentagroup. Accordingly, Pentagroup filed the instant motion. The time for Plaintiff to respond has passed and she has not filed a response.

**ERGO**, Defendant Pentagroup's Motion for Entry of Judgment For Statutory/Actual Damages, Reasonable Attorney's Fees and Costs Pursuant to Plaintiff's Acceptance of Defendant's Rule 68 Offer of Judgment (d/e 16) is ALLOWED.

IT IS SO ORDERED.
ENTER: May 22, 2007
FOR THE COURT:

> s/ Richard Mills
> United States District Judge

2

**EXHIBIT F**

**E-FILED**
Wednesday, 06 December, 2006  12:01:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| ROSE GORDON, | ) | |
| | ) | 06- |
| Plaintiff, | ) | |
| | ) | Jury Trial Demand |
| vs. | ) | |
| | ) | |
| PENTAGROUP FINANCIAL, L.L.C., | ) | |
| a Texas limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1.  This action seeks redress for the illegal practices of Defendant in connection with the collection of debts. The Complaint alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") entitling plaintiff to relief.

### JURISDICTION

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (general federal question jurisdiction) and 15 U.S.C. § 1692k (Fair Debt Collection Practices Act).

### PARTIES

3.  Plaintiff, Rose Gordon, is an individual who resides in Moultrie County, Illinois.

4.  Plaintiff is a "consumer" as defined by Section 803(3) of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692a(3).

5.  Defendant, Pentagroup Financial, L.L.C., is a limited liability company organized

under the laws of the State of Texas.

6.   Defendant is a "debt collector" as defined by Section 803(6) of the Fair Debt
     Collection Practices Act, 15 U.S.C. section 1692a(6).

7.   At all times relevant to this matter, Defendant was collecting a consumer debt as
     defined by Section 803(5) of the Fair Debt Collection Practices Act, 15 U.S.C.
     1692a(5).

## FAIR DEBT COLLECTION PRACTICES ACT

8.   Plaintiff was the owner of a Chevrolet Cavalier that was purchased for personal
     use.

9.   Plaintiff defaulted in her payments on the vehicle and surrendered it to the lender,
     Triad Financial.

10.  Sometime prior to March of 2006, Triad placed the debt for collection with
     Defendant Pentagroup Financial, L.L.C..

11.  In March of 2006, Defendant Pentagroup Financial, L.L.C. contacted Plaintiff via
     telephone number 217-783-2317 in an attempt to collect the debt.

12.  Defendant advised Plaintiff the following:

     a.    That the case was going before an arbitrator in a few hours;

     b.    That Defendant need her bank account information and repay information
           immediately; and

     c.    That Plaintiff faced serious consequences if she did not pay the Defendant
           immediately.

13.  Defendant knew these statements were false at the time they were made to the

Plaintiff.

14. Plaintiff gave Defendant her checking account information and Defendant accepted six post-dated checks in the of $100 each.

15. On September 26, 2006, Defendant contacted the Plaintiff by telephone in ana attempt to collect the debt.

16. Defendant used abusive and harassing language in an attempt to collect the debt.

17. Defendant Pentagroup Financial, L.L.C. violated the FDCPA when one of its employees misrepresented that Triad had a pending arbitration matter against the Plaintiff in violation of 15 U.S.C. 1692e, 1692e(10).

18. Defendant Pentagroup Financial, L.L.C. violated the FDCPA by contacting the Plaintiff and engaging in abusive and harassing behavior during the collection of a debt in violation of 15 U.S.C. § 1692c.

19. As a result of Defendant's conduct, Plaintiff suffered actual damages.

WHEREFORE, Plaintiff Rose Gordon requests that the Court enter judgment in her favor and against Defendant Pentagroup Financial, L.L.C. for: (a) actual and statutory damages, (b) attorney's fees, litigation expenses and costs, and (c) such other or further relief as the Court deems appropriate.

ROSE GORDON, Plaintiff
s/ Roy Jackson Dent
Roy Jackson Dent
Bar Number 6255835
Attorney for Plaintiff
BRANKEY & SMITH, P.C.
622 Jackson Avenue
Charleston, IL 61920
Phone: (217) 345-6222
Fax: (217) 345-6232

Email: rdent@brankeysmithpc.com

3

**EXHIBIT G**

**E-FILED**
Thursday, 15 December, 2005  02:29:50 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | |
|---|---|
| DANNY WILEY, | ) |
| | ) 05- 2277 |
| Plaintiff, | ) |
| | ) Jury Trial Demand |
| vs. | ) |
| | ) |
| PENTAGROUP FINANCIAL, L.L.C., | ) |
| a Texas Limited Liability Company, | ) **FILED** |
| | ) |
| Defendant. | ) DEC 15 2005 |

**COMPLAINT**

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

**PRELIMINARY STATEMENT**

1.      This action seeks redress for the illegal practices of defendant in connection with the collection of debts.  The Complaint alleges that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") entitling plaintiff to relief.

**JURISDICTION**

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (general federal question jurisdiction) and 15 U.S.C. § 1692k (Fair Debt Collection Practices Act).

**PARTIES**

3.      Plaintiff, Danny Wiley, is an individual who resides in Sullivan, Moultrie County, Illinois.

4.      Plaintiff is a "consumer" as defined by Section 803(3) of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692a(3).

5.      Defendant, Pentagroup Financial, L.L.C., is a limited liability company organized

under the laws of the State of Texas. Its principal place of business is located at 5959 Corporate Drive, Suite 1400, Houston, Texas 77036.

6. Defendant Pentagroup Financial, L.L.C. is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. section 1692a(6).

7. At all times relevant to this matter, Defendant Pentagroup Financial, L.L.C. was collecting a consumer debt as defined by Section 803(5) of the FDCPA, 15 U.S.C. section 1692a(5).

## FAIR DEBT COLLECTION PRACTICES ACT ALLEGATIONS

8. Sometime prior to 2005, Plaintiff defaulted in his contractual obligations to Providian.

9. In early 2005, Providian placed its credit card account with Defendant Pentagroup Financial, L.L.C. for collection.

10. Defendant Pentagroup Financial, L.L.C. assigned the debt to an employee named Mrs. Morgan.

11. During a period spanning May 2005 through November 2005, Mrs. Morgan contacted Plaintiff Danny Wiley by telephone in numerous attempts to collect the credit card debt.

12. On or about November 17, 2005, Defendant Pentagroup Financial, L.L.C. reassigned the debt to another employee named Robin Tolbert.

13. On November 17, 2005, at about 6 p.m., Robin Tolbert attempted to contact the Plaintiff Danny Wiley in an attempt to collect the debt.

14. The telephone was answered by Plaintiff's mother, Wilma Wiley.

2

15. Tolbert identified herself and stated that she was collecting a debt owed by the Plaintiff Danny Wiley.

16. Tolbert advised Wilma Wiley that if she did not hear from Plaintiff by 10 a.m., Friday, November 18, 2005, that she would send the Moultrie County Sheriff to his place of employment, Masterbrand, and have him arrested.

17. Wilma Wiley contacted Plaintiff's brother, Randy Wiley, and relayed the message left by Tolbert.

18. Randy Wiley relayed the message to Danny Wiley.

19. On November 18, 2005, at 8:40 a.m., Plaintiff Danny Wiley contacted Tolbert at 800-979-5569.

20. Tolbert identified herself as an attorney.

21. On information and belief, Tolbert is not an attorney.

22. Tolbert accused Plaintiff Danny Wiley of committing bank fraud when he made a payment to Defendant Pentagroup Financial, L.L.C. with a check that was returned for non sufficient funds.

23. Tolbert told Plaintiff Danny Wiley that he had until 11 a.m. to pay her $900 or he was going to jail for bank fraud.

24. Plaintiff Danny Wiley and his mother borrowed the $900 and sent it to Defendant via Western Union.

25. On November 18, 2005, at 11:30 a.m., Tolbert called Plaintiff Danny Wiley for the purpose of collecting the debt.

26. Tolbert advised Plaintiff Danny Wiley that he had until 10 a.m. on November 21, 2005, to pay Defendant the remaining $4,000.00.

27. On November 21, 2005, at approximately 11 a.m., Tolbert called Plaintiff Danny Wiley in an attempt to collect the debt.

28. Tolbert asked Plaintiff, "Why didn't you call me back?"

29. Plaintiff stated that he was not sure that he owed Defendant another $4,000.

30. Tolbert then called him "stupid" and "irresponsible." Tolbert also threatened to call his employer and inform the employer that he cannot pay his bills in an attempt to have him fired from his job.

31. Defendant Pentagroup Financial, L.L.C. violated the FDCPA by using language with the natural consequence of which is to harass, oppress or abuse the Plaintiff during the collection of a debt in violation of 15 U.S.C. §§ 1692d, 1692d(1), and 1692d(2).

32. Defendant Pentagroup Financial, L.L.C. violated the FDCPA by having an employee contact Plaintiff Danny Wiley and threaten that he will be criminally prosecuted if the debt is not paid in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(4), 1692e(5), 1692e(7), and 1692e(10).

33. Defendant Pentagroup Financial, L.L.C. violated the FDCPA by having an employee make the false representation that she is an attorney in violation of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

34. Defendant Pentagroup Financial, L.L.C. violated the FDCPA by having an employee communicate with a third party, Wilma Wiley, in an attempt to collect a debt in violation of 15 U.S.C. § 1692c(b).

35. As a result of Defendant's conduct, Plaintiff suffered actual damages.

4

WHEREFORE, Plaintiff Danny Wiley requests that the Court enter judgment in his favor and against Defendant Pentagroup Financial, L.L.C. for: (a) actual and statutory damages, (b) attorney's fees, litigation expenses and costs, and (c) such other or further relief as the Court deems appropriate.

DANNY WILEY, Plaintiff

s/ Roy Jackson Dent
Roy Jackson Dent Bar Number 6255835
Attorney for Plaintiff
Brankey & Smith, P.C.
622 Jackson Avenue
Charleston, IL 61920
Phone: (217) 345-6222
Fax:    (217) 345-6232
E-Mail: rdent@brankeysmithpc.com

**EXHIBIT H**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Kathleen D. Traylor, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | And |
| Pentagroup Financial, LLC, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

COMES NOW, the plaintiff, Kathleen D. Traylor, by and through her attorney,

William L. Reinbrecht, and alleges and states that this is an action brought by an

individual consumer for the defendant's violations of the FAIR DEBT COLLECTION

PRACTICES ACT, (hereinafter referred to as the "FDCPA") 15 U.S.C. §1692 et seq. In

support of her claim, the plaintiff states and alleges as follows:

## **JURISDICTION AND PARTIES**

1. That subject matter jurisdiction of this Court arises under 15 U.S.C. 1692k,

actionable through 28 U.S.C. §1331 and other provisions of the law.

2. That venue is proper in this Court for the reason that the claims on which the

transactions took place happened in the state of Nebraska in this judicial district.

3. That at all times relevant hereto, the plaintiff was a resident of Omaha, Douglas

County, Nebraska, in this judicial district.

4. That defendant Pentagroup Financial, LLC is a collection agency and a

corporation organized and existing under the laws of Texas and doing business in the

state of Nebraska, and elsewhere.

1

## FACTUAL BACKGROUND

5. That on or about February 6, 2006, defendant Pentagroup Financial, LLC telephoned the plaintiff at her place of employment. The caller identified herself as Mrs. Moore from Triad's legal department. The plaintiff informed the caller that she could not take personal calls at her place of employment and not to call her at work in the future. In fact, the plaintiff informed the call that defendant should cease all communications regarding the alleged debt at work.

6. That on or about February 7, 2006, the plaintiff received a collection letter from the defendant.

7. That on February 23, 2006, the plaintiff received numerous phone calls from the defendant at her place of employment. The purpose of the calls was to attempt to collect the alleged debt from the plaintiff for the purchase an automobile for personal, family or household purposes.

8. In spite of the plaintiff's request that the defendant cease all communications at plaintiff's work, Mrs. Moore continued to call the plaintiff's work asking to speak to her supervisor and payroll department. On February 23, 2006, the defendant's representative, Mrs. Moore, called and informed the plaintiff's coworker and her supervisor that the defendant was attempting to collect a debt from the plaintiff.

9. That the defendant also called the plaintiff's place of employment on other subsequent and separate occasions in the attempt to collect the alleged debt from the plaintiff.

## CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW, the plaintiff and for her Cause of Action against the defendant states and allege as follows:

10. That the plaintiff is a natural person and a "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C.§1692(a)(3).

11. That defendant Pentagroup Financial, LLC is a collection agency which is engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and as such is a debt collector within the meaning of 15 U.S.C. §1692(a)(6).

12. That all times relevant hereto defendant was attempting to collect an alleged debt for personal, family or household purposes alleged to be in default by the creditor, Triad Financial, LLC.

13. That defendant Pentagroup Financial, LLC violated the FDCPA in the following particulars:

a) By making additional and subsequent contacts directly to the plaintiff after being informed that she is not allowed to take personal calls at work in violation of 15 U.S.C. §1692c; and

3

b) By speaking with the plaintiff's supervisor and coworker regarding the alleged debt in violation of 15 U.S.C. §1692c.

WHEREFORE, plaintiff prays for a judgement against the defendant for actual damages and for statutory attorney fees in a reasonable amount and a statutory award of up to $1,000.00, costs, and for further relief as the Court shall deem appropriate.

Dated this 28th day of March, 2006

Kathleen D. Traylor,
Plaintiff,

By: /s/ *William L. Reinbrecht*
  William L. Reinbrecht, #20138
  Car & Reinbrecht, P.C., L.L.O.
  8720 Frederick Street, Suite 105
  Omaha, NE 68124
  (402) 391-8484 Telephone
  (402) 391-1103 Facsimile
  Attorneys for the Plaintiff

4

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable.


Kathleen D. Traylor,
Plaintiff,


By: /s/ *William L. Reinbrecht*
    William L. Reinbrecht, #20138
    Car & Reinbrecht, P.C., L.L.O.
    8720 Frederick Street, Suite 105
    Omaha, NE 68124
    (402) 391-8484 Telephone
    (402) 391-1103 Facsimile
    Attorneys for the Plaintiff

5

**EXHIBIT I**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.: CV - _____

THOMAS J. CHARLES,

          Plaintiffs,               **COMPLAINT**

v.

PENTAGROUP FINANCIAL, LLC

          Defendants.        **JURY TRIAL DEMANDED**

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of these Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA")

## PARTIES

3.  Plaintiff Thomas J. Charles, (hereinafter "Plaintiff"), is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.  Defendant Pentagroup Financial, LLC, (hereinafter "Defendant"), is a debt collection agency operating from an address of 3065 Union Road, Orchard

Park, NY 14127 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

5. Sometime prior to November 2006, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer debt from Household Bank.

6. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

7. During the following months, Defendant began a collection campaign that included numerous telephone calls to Plaintiffs.

### *1st Telephone Communication from Defendant*

8. On or about November 2006, Plaintiff received a telephone call from Defendant while Plaintiff was in a nursing home recovering from a hear attack.

9. Defendant's debt collection agent stated, "Why did you even get a credit card if you can't take care of it?"

9. Plaintiff stated to Defendant's debt collection agent that he was not able to take care of the bill because he had just had a heart attack and was in a nursing hom recovering.

10. Defendant's debt collection agent stated, "I don't care, you still have to pay your bills. You must have sick pay or vacation pay."

2

11.   Plaintiff stated to Defendant that he did not have sick pay or vacation pay.
      Plaintiff stated to Defendant that his only income was social security.

12.   Defendant's debt collection agent stated, "We can come after you. We can
      garnish you. We can take money from you. I can take your social security.
      Why do you make bills if you can't pay 'em!"

13.   Plaintiff stated to Defendant that he did not intend to have a hear attack.

14.   Defendant's debt collection agent stated, "I don't care, you still have to pay
      your bills!"

15.   The tone of Defendant's debt collection agent was abusive, harassing and
      condescending on the telephone.

16.   The conduct of Defendant in harassing Plaintiff in an effort to collect the
      alleged debt by engaging Plaintiff in phone calls and verbally abusing Plaintiff
      was a violation of numerous and multiple provisions of the FDCPA, including
      but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692f, amongst others.

### 2nd Telephone Communication from Defendant

17.   On or about December 2006, Plaintiff received a second telephone call from
      Defendant while Plaintiff was in a nursing home recovering from a hear attack.

18.   Defendant's debt collection agent stated, "I haven't heard from you or your
      sister about paying this debt."

19.   Plaintiff stated that he had contacted his sister but that she must have not had
      an opportunity to call Defendant.

3

20.    Defendant's debt collection agent stated, "Don't lie to me, I know that neither of you are going to call me!"

21.    The tone of Defendant's debt collection agent was abusive, harassing and condescending on the telephone.

22.    The conduct of Defendant in harassing Plaintiff in an effort to collect the alleged debt by engaging Plaintiff in phone calls and verbally abusing Plaintiff was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692f, amongst others.

*Summary*

23.    Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Plaintiff's home.

**TRIAL BY JURY**

24.    Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

4

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 ET SEQ.

25.    Plaintiff incorporates by reference paragraphs 1 through 24 as though fully
stated herein.

26.    The foregoing acts and omissions of each and every Defendant constitute
numerous and multiple violations of the FDCPA, including but not limited to,
each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §
1692 et seq.

27.    As a result of Defendant's foregoing conduct and violations of the FDCPA,
Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. §
1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15
U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to
15 U.S.C. § 1692k(a)(3), against each and every Defendant.

### COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28.    Plaintiff incorporates by reference paragraphs 1 through 27 as though fully
stated herein.

29.    Defendant intentionally interfered, physically or otherwise, with the solitude,
seclusion and or private concerns or affairs of the Plaintiff.

30.    Defendant intentionally caused harm to Plaintiff's emotional well being by

engaging in highly offensive conduct in the course of collecting a debt thereby

invading and intruding upon Plaintiff's right to privacy.

31.    Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and

or private concerns or affairs.

32.    The intrusions and invasions by Defendant occurred in a way that would be

highly offensive to a reasonable person in that position.

33.    As a result of such invasions of privacy, Plaintiff is entitled to actual damages

in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every
Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each

  and every Defendant;

- an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

  1692k(a)(2)(A) against each and every Defendant;

- an award of costs of litigation and reasonable attorney's fees pursuant to 15

  U.S.C. § 1692k(a)(3) against each and every Defendant;

6

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

- such other and further relief as may be just and proper.

Dated:  March 21, 2007            **SCRIMSHIRE, MARTINEAU, GONKO ‹ VAVRECK, PLLC**


             s/ Mark L. Vavreck
            Mark L. Vavreck, Esq.
            Attorney I.D.#0318619
            Designer's Guild Building
            401 North Third Street
            Suite 600
            Minneapolis, MN 55401
            Telephone: (612) 659-9500
            Facsimile:  (612) 659-9220

            **ATTORNEY FOR PLAINTIFF**

7

**EXHIBIT J**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.: CV - _____ ____

| | |
|---|---|
| Angie Dziedzic, | |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Pentagroup Financial, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2.    This action arises out of Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### PARTIES

3.    Plaintiff Angie Dziedzic is a natural person who resides in the City of Minneapolis, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.    Defendant Pentagroup Financial LLC (hereinafter "Defendant") is a foreign corporation doing business in the state of Minnesota and is a collection agency operating from address of 5959 Corporate Drive, Suite 1400, Houston, TX 77036 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

5.    Sometime prior to April 25, 2006, Plaintiff allegedly incurred a "consumer debt," as that term is defined at 15 U.S.C. § 1692a(5) with Providian.

-1-

6.   When Plaintiff allegedly defaulted on her credit agreement it was turned over to Defendant for collection.

7.   Plaintiff began to receive calls from Defendant and its agent Lisa who was leaving messages at her work.

8.   On April 25, 2006, Defendants agent Lisa left a message at her place of employment at 12:55 PM with Plaintiff's co-worker Angela Smith.

9.   Defendant's agent Lisa began to question Angela Smith about who Plaintiff's boss was when Angela Smith refused to provide information to Defendant.

10.  Defendant's agent Lisa called back to Plaintiff's place of employment and she reached Plaintiff during which no 15 U.S.C. § 1692e(11) notice was provided.

11.  It was during this telephone call that Plaintiff first put Defendant on notice that she was not to receive calls at her place of employment and that she never wanted to be contacted there again.

12.  Defendant's agent, Lisa persisted in attempted to inquire how Plaintiff was going to pay the debt and Plaintiff repeated that she could not discuss the situation any longer at her work.

13.  Defendant's agent Lisa then told Plaintiff that since she lives in Minnesota that Plaintiff's wages will get garnished and that she would need to settle the debt by April 29, 2006, in violation of 15 U.S.C. § 1692e(5).

14.  The call terminated by Plaintiff repeating that she cannot take anymore calls at work.

15.  The next morning at 8:00 AM Defendant's agent Lisa called Plaintiff at her place of employment, in violation of 15 U.S.C. § 1692c, and left another message with Angela Smith.

-2-

16.     Defendant left several messages that day at both Plaintiff's home and work, in violation of 15 U.S.C. §§ 1692c and 1692d.

17.     On or about 3:15 PM that day Defendant's agent Lisa called Plaintiff at work and again told her that Plaintiff had to pay the debt, in violation of 15 U.S.C. §§ 1692c, 1692d and 1692f.

18.     Again Plaintiff repeated to Defendant's agent Lisa that she did not want calls to her at work.

19.     Defendant's agent Lisa continued to ramble on and persisted in demanding payment.

20.     Finally Plaintiff hung up the telephone and terminated the call with Defendant's agent.

21.     Defendant's agent, Lisa immediately called back and spoke with Plaintiff's co-worker Angela Smith who said that she did not want to take any more calls for Plaintiff and terminated the call, in violation of 15 U.S.C. §§ 1692c, 1692d, and 1692f.

22.     The next day on April 27, 2006, at 11:10 AM Defendant called Plaintiff at work again, in violation of 15 U.S.C. § 1692c, however this time it was male agent by the name of Ray.

23.     Plaintiff told Defendant's agent, Ray that she had already warned Defendant that she could not take calls at work.

24.     Defendant agent's Ray continued to talk over Plaintiff and demanded to know how she was going to pay the debt.

25.     Plaintiff finally told Defendant's agent Ray again not to call her at work again and hung up the phone.

26.     On or about April 29, 2006, Defendant's agent Lisa called Plaintiff home and spoke with Plaintiff's boyfriend.

-3-

27.   Defendant's agent Lisa then asked if Plaintiff's boyfriend was George or Dave
      (Plaintiff's brother and father).

28.   Just before Plaintiff's boyfriend end the telephone call Defendant's agent Lisa told him
      that "just remember what state you live in," which was another threat of garnishment, in
      violation of 15 U.S.C. §§ 1692d, 1692e and 1692f.

29.   Defendant's agent Lisa called Plaintiff again at her place of employment on May 18,
      2006, at 1:30 p.m. and left a message with Angela Smith, in violation of 15 U.S.C. §§
      1692c, 1692d and 1692f.

30.   Plaintiff notified Defendants that she was represented by an attorney and provided the
      name and telephone number. Defendant's agent Donna Parker called Plaintiff's attorney
      and left a message.

31.   Plaintiff's attorney returned the call on June 14, 2006, and left a message for Donna
      Parker confirming that that he represented Plaintiff and a telephone number for Ms.
      Parker to return the call.

32.   Defendant failed to call Plaintiff's attorney back after June 14, 2006, and instead
      Defendant's agent, Mr. Holcombe called Plaintiff directly on or about June 20, 2006, in
      direct violation of 15 U.S.C. § 1692c(a).

33.   Further, during the illegal call to Plaintiff on June 20, 2006, Defendant's agent, Mr.
      Holcombe lied to Plaintiff and told her that her attorney had not contacted Pentagroup in
      over thirty (30) days and therefore Defendant could start calling her again, which was
      false and misleading in violation of 15 USC §§ 1692d, 1692e and 1692f.

34.   The entire experience was extremely humiliating and caused Plaintiff mental anguish.

-4-

35.    All of the conduct, in the paragraphs described above, by Defendants constitute violations

of numerous and multiple provisions of the FDCPA, including but not limited to 15

U.S.C. §§ 1692c, 1692c(a)(2) and (3), 1692d, 1692e, and 1692f.

## TRIAL BY JURY

36.    Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7.  Fed. R.

Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

37.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein.

38.    The foregoing acts and omissions of Defendant constitute numerous and multiple

violations of the FDCPA, including but not limited to each and every one of the above-

cited provisions of the FDCPA, 15 U.S.C. § 1692 ct seq.

39.    As a result of Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket

expenses and are therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §

1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §

1692k(a)(3) from Defendant.

### COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

-5-

40.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.    Defendant's intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

42.    Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt.

43.    Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and or private concerns or affairs.

44.    The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

45.    Defendant has harmed Plaintiff because of such invasions of privacy.

46.    As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $2,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

- actual damages from Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated this 28th day of June, 2006.          **CONSUMER JUSTICE CENTER, P.A.**

By: s/Thomas J. Lyons, Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707

Attorney for Plaintiff

-7-

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA           )
                             ) ss
COUNTY OF _____    )

Angie Dziedzic, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/Angie Dziedzic
Angie Dziedzic

Subscribed and sworn to before me
this 21st day of June, 2006.

s/Marilyn E. Rose
Notary Public

-8-

# EXHIBIT K

## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA
### COURT FILE NO.: CV – 06-2954  JMR/FLN

| | |
|---|---|
| Anne Wagner,<br><br>Plaintiff,<br><br>v.<br><br>Pentagroup Financial LLC,<br><br>Defendant. | **AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## PARTIES

3.  Plaintiff Anne Wagner is a natural person who resides in the City of Roseville, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.  Defendant Pentagroup Financial LLC (hereinafter "Defendant") is a foreign corporation doing business in the state of Minnesota and is a collection agency operating from address of 5959 Corporate Drive, Suite 1400, Houston, TX  77036 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5.  Sometime prior to April 19, 2006, Plaintiff incurred a "consumer debt," as that term is defined by 15 U.S.C. § 1692a(5), with Providian Bank.

-1-

6.    When Plaintiff became past due on her payment obligation with Providian Bank, it sent the account to Defendant for collection.

7.    Defendant's agent Mr. Brinks called Plaintiff on April 19, 2006, and pretended to be a lawyer or certified arbitrator by law in violation of 15 U.S.C. § 1692e(3).

8.    Defendant's agent Mr. Brinks falsely threatened that he would have to "escalate the situation," "apply judgment," and be "placing a civil judgment against her," in violation of 15 U.S.C. §§ 1692e(5), 1692d and 1692f.

9.    At no time during Defendant's collection communication with Plaintiff did Mr. Brinks provide her with the required disclosure pursuant to 15 U.S.C. § 1692e(11).

10.   Defendant's agent Mr. Brinks made repeated telephone calls to Plaintiff's parents in an attempt to harass and put pressure on Plaintiff in violation of 15 USC §1692d and 1692f.

11.   All of the conduct in the paragraphs as described above by Defendant constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(3), 1692e(5) and 1692f.

## TRIAL BY JURY

12.   Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq

13.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

-2-

14.    The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

15.    As a result of Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and are therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
- actual damages from Defendant for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial; and
- for such other and further relief as may be just and proper.

Dated this 17 day of July, 2006.                **CONSUMER JUSTICE CENTER, P.A.**

By: s/Thomas J. Lyons, Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707

Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA     )
                             ) ss

COUNTY OF _HENNEPIN_     )

       I, Anne Wagner, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                              s/Anne Wagner
                              Anne Wagner


Subscribed and sworn to before me
this _20_ day of June, 2006.


s/Julianna C. Engeholm
Notary Public

-4-

**EXHIBIT L**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2007 JUN 19  A 11: 37

DEBRA P. HACKETT CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN RE:                                          )
                                                )
AUNDRIA HELLING,                                )
                                                )
        PLAINTIFF,                              )
                                                )       CASE # 1:07-cv-545-MHT
VS.                                             )
                                                )
PENTAGROUP FINANCIAL LLC.,                      )       **JURY DEMAND**
                                                )
        DEFENDANT.                              )

## COMPLAINT

### I. INTRODUCTION:

1.  This is a Complaint for damages, actual and statutory damages, brought by the Plaintiff, Aundria
    Helling, against the Defendant, Pentagroup Financial, LLC. (hereinafter, "Pentagroup"), for Defendant's
    violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter, "FDCPA").

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337.

3.  Venue in this district is proper in that the Defendants regularly transact business here and the conduct
    complained of occurred here.

### III. PARTIES

4.  Plaintiff, Aundria Helling, is a natural person residing in Dale County, Alabama.

5.  Defendant, Pentagroup Financial, LLC, (hereinafter, "Pentagroup"), is a Texas corporation in the debt
    collection business with its principal place of business being located at 5959 Corporate Drive, Suite
    1400, Houston, TX 77036.

## IV. FACTUAL ALLEGATIONS

6.  On or before May 5, 2006, Plaintiff received telephone collection calls from Defendant, Pentagroup, regarding a debt allegedly owed to MBNA.

7.  On May 5, 2006, Plaintiff's attorney, the Honorable David Rousseau, Esq. (hereinafter, "Attorney Rousseau"), advised the Defendant that he was the Plaintiff's legal counsel.

8.  On June 21, 2006, the Defendant caused a letter containing a "Settlement Offer," hereinafter Exhibit " A," to be sent to the Plaintiff.

9.  On June 21, 2006, the Defendant's employee accused the Plaintiff of having an inappropriate relationship with Attorney Rousseau.

## COUNT I - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

10. The Plaintiff adopts and incorporates paragraphs 1 through 9 as fully set out herein.

11. The Defendant, Pentagroup, received notification that Attorney Rousseau represented the Plaintiff in this matter.

12. Despite adequate notice regarding the Plaintiff's representation by an attorney, the Defendant violated the FDCPA by causing a letter, including a "Settlement Offer," Exhibit "A," to be sent to the Plaintiff.

13. The Defendant further violated the FDCPA by alleging that the Plaintiff carried on an inappropriate relationship with her attorney.

14. The Defendant violated various provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692c, -d, -e, -f & -g.

15. The Plaintiff has been damaged because of the Defendant's actions.

16. The Defendant's violation of 15 U.S.C. § 1692, et seq renders it liable for statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Aundria Helling, respectfully requests this Honorable Court enter judgment

against the Defendant, Pentagroup Financial, LLC, for the following:

a)   Actual damages;

b)   Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

c)   Costs and reasonable attorney fees pursuant to 11 U.S.C. § 362(k)(1) and 15 U.S.C. § 1692k;

and,

d)   For such other relief that is just.

Respectfully submitted this 18th day of June, 2007.

BROCK & STOUT

David G. Poston, Esq.
Walter A. Blakeney, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

**EXHIBIT "A"**

P.O. Box 742209
Houston, Texas 77274

**PENTAGROUP FINANCIAL, LLC**
Toll Free: (800) 385-9060
Houston Local: (832) 615-2100

ADDRESS SERVICE REQUESTED

Current Creditor:   CACV of Colorado
Current Account Number: 12904159040803038
Original Creditor:   Maryland National Bank, N.A.
Original Account Number: 5490992997258193
Current Balance:   $17,065.37

June 21, 2006

DBT-SET

Aundria Helling
150 Magnolia St.
Ozark, AL 36360

Pentagroup Financial, LLC
5959 Corporate Drive, Suite 1400
Houston, Texas 77036

---

*IMPORTANT: To receive proper credit be sure to enclose this portion with your payment in full·*

---

RE:   SETTLEMENT OFFER

Dear Aundria Helling:

Your creditor has authorized us to offer you a settlement opportunity on the above referenced account. Upon clearance through the banking, system of the settlement amount indicated below your account will be considered settled. Payment of the total settlement amount must be received in our office no later than the close of business on the date indicated below. If payment is not received in the indicated amount and within the time frame indicated, this offer will expire at that time.

This offer represents a substantial saving over the actual amount owed on this account and is an opportunity for you to take care of this obligation at a greatly reduced cost.

Amount you actually owe:   $17,065.37
Settlement amount:   $6,730.67
Due date:   June 30, 2006

Please call one of our friendly and courteous representatives' at the toll free number listed above to discuss any questions you may have regarding this offer.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

**EXHIBIT M**

**FILED**

**MAR 2 9 2007**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

TIM P. MOSS,                          §
    Plaintiff                     §
                                  §
v.                                    §    CIVIL ACTION NO. **A07CA248 LY**
                                  §
PENTAGROUP FINANCIAL, LLC, and        §
ASSET ACCEPTANCE LLC,                 §
    Defendants                    §

## PLAINTIFF'S ORIGINAL COMPLAINT

### Introduction

1.    This is an action for actual and statutory damages brought by plaintiff, Tim P. Moss, an individual consumer, against defendants, Pentagroup Financial, LLC and Asset Acceptance LLC , for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.,* (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### Jurisdiction

2.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### Parties

3.    Plaintiff Tim P. Moss is a natural person residing in the Western District of Texas, Austin Division.

4.    Defendant Pentagroup Financial, LLC, is a corporation engaged in the business of collecting debts in this state. The principal purpose of defendant is the collection of debts and defendant regularly attempts to collect debts alleged to be due another.

5.    Defendant Asset Acceptance, LLC, is a corporation engaged in the business of collecting debts in this state. The principal purpose of defendant is the collection of debts and defendant regularly attempts to collect debts alleged to be due another.

6.    Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### Factual Background

7.    By correspondence on its letterhead dated December 20, 2006, defendant Pentagroup Financial, LLC mailed a collection letter to plaintiff demanding payment of a debt in the amount of $3,530.61.

8.    Defendant Pentagroup's letter was received by plaintiff at his residence in the State of Texas.

9.    The alleged debt of plaintiff claimed in the letter was allegedly incurred for personal, family, or household services. The letter demanded payment of the alleged debt.

10.    On January 8, 2007, within thirty days from defendant Pentagroup's demand, plaintiff's counsel faxed a letter to defendant Pentagroup notifying said defendant that plaintiff disputed the alleged debt. Counsel stated the following in the letter.

> Please note for your records that I represent Tim Moss in the above referenced matter. My client recently received a collection letter from you. He is also receiving phone calls from your office. Please note for your records that I have been retained to represent Mr. Moss with regard to this alleged debt. Please direct all further correspondence to me at this address.

2

Pursuant to the federal and state of Texas fair debt collection practices statutes, <u>please do not contact my client any further regarding this matter.</u>

Please note for your records that my client disputes the validity of this debt in its entirety. I request that you obtain verification of the debt and provide to me at this address. I will consider any attempt to report this alleged debt to a credit reporting company as a violation of the debt collection laws. Please review the records and cease all attempts to collect this "debt."

11.    By letter dated February 20, 2007, despite notice that plaintiff was represented by counsel and despite the letter from plaintiff's counsel, defendant Pentagroup again contacted plaintiff at his home on this account.

12.    Even though counsel's letter disputes the debt and refers to the federal statute, defendant Pentagroup failed to verify the debt, and wrongly communicated with plaintiff.

13.    As a result of the acts above, plaintiff suffered compensable damages.

14.    Further, by correspondence on its letterhead dated January 25, 2007, defendant Asset Acceptance LLC mailed a collection letter to plaintiff demanding payment of a debt in the amount of $1,289.30.

15.    Defendant Asset's letter was received by plaintiff at his residence in the State of Texas.

16.    The alleged debt of plaintiff claimed in the letter was allegedly incurred for personal, family, or household services. The letter demanded payment of the alleged debt.

17.    On February 2, 2007, within thirty days from defendant Asset's demand, plaintiff's counsel faxed a letter to defendant Asset notifying said defendant that plaintiff disputed the alleged debt. Counsel stated the following in the letter.

Please note for your records that I represent Tim Moss in the above referenced matter. My client recently received a "First Notice" collection letter from you. Please note for your records that I have been retained to represent Mr. Moss with regard to this alleged debt.

3

Please direct all further correspondence to me at this address. Pursuant to the federal and state of Texas fair debt collection practices statutes, please do not contact my client any further regarding this matter.

Please note for your records that my client disputes the validity of this debt in its entirety. I request that you obtain verification of the debt and provide to me at this address. I will consider any attempt to report this alleged debt to a credit reporting company as a violation of the debt collection laws. Please review the records and cease all attempts to collect this "debt."

18.    By letter dated March 14, 2007, despite notice that plaintiff was represented by counsel and despite the letter from plaintiff's counsel, defendant Asset again contacted plaintiff at his home on this account.

19.    Even though counsel's letter disputes the debt and refers to the federal statute, defendant Asset failed to verify the debt, and wrongly communicated with plaintiff.

20.    As a result of the acts above, plaintiff suffered compensable damages.

### Claims for Relief

21.    Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(A)    Defendants failed to send plaintiff a validation notice within five days of the initial communication, either written or oral.

(B)    After plaintiff requested validation of the debt, defendants continued collection activities.

(C)    Defendants' communications contained a false impression of the character, amount, or legal status of the alleged debt.

(D)    Defendants used false, deceptive, or misleading representations or means in connection with the debt collection.

4

(E)    Defendants attempted to collect any amount not authorized by any agreement creating a debt.

(F)    Defendants' communications creates confusion about the plaintiff's rights.

(G)    Defendants used unfair or unconscionable means to attempt to collect the alleged debt.

(H)    Defendants' communications threaten to communicate, and communicates, credit information which is known or should be known to be false, including the failure to communicate that the dispute debt is disputed.

22.    As a result of the foregoing violations of the FDCPA, defendants are liable to plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### Prayer

23.    ACCORDINGLY, plaintiff requests that judgment be entered against defendants for the following:

A.    Declaratory judgment that defendants' conduct violated the FDCPA;

B.    Actual damages;

C.    Statutory damages pursuant to 15 U.S.C. §1692k;

D.    Costs and reasonable attorney fees pursuant to 15 U.S.C. §§ 1692k and ; and

E.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CREWS & ELLIOTT, PC
Building 3, Suite 200
4601 Spicewood Springs Road
Austin, Texas 78759
(512) 346-7077
(512) 342-0007 (Fax)


By: _____
Joe K. Crews
State Bar No. 05072500

ATTORNEYS FOR PLAINTIFF

6

**EXHIBIT N**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LILLIAN THOMAS-ATKINSON      )
                             )
            Plaintiff,        )        Civil Action No.
                             )
    vs.                      )
                             )
PENTAGROUP FINANCIAL, LLC    )
                             )
            Defendant.        )
                             )

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

2.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

3.      Plaintiff Lillian Thomas-Atkinson is an adult individual residing at 310 North Broad Street, Apartment A 10, Carneys Point, NJ 08064.

4.      Defendant Pentagroup Financial, LLC is a business entity regularly engaged in the business of collecting debts in this Commonwealth with a principal place for accepting service located at 5959 Corporate Drive, Suite 1400, Houston, TX 77036. The principal purpose

of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5.     At all times pertinent hereto, Defendant was hired by Triad Financial to collect a debt relating to an auto loan that was allegedly originally owed to Triad Financial (hereafter the "debt").

6.     The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

7.     At all times pertinent, Plaintiff had agreed to a payment plan with First Financial Asset Management, Inc., Defendant's predecessor, including but not limited to June 30, 2005, July 20, 2005, August 31, 2005, September 15, 2005, September 30, 2005, October 15, 2005, October 31, 2005, and November 15, 2005 (hereafter the "FFAM Payments").

8.     Notwithstanding the above, on or about January 4, 2006, Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted, including but not limited to contacting Plaintiff at her place of residence, her place of employment, and on her cellular phone. During the conversations, in which Defendant spoke in a frenzied and frantic tone, Defendant made numerous threats, including but not limited to threatening to garnish Plaintiff's wages and threatening to seize Plaintiff's income tax return. Additionally, during one conversation, Defendant offered Plaintiff a settlement, stating Defendant would accept forty percent (40%) of the debt, which Defendant stated to be $18,516.00. Plaintiff disputed the accuracy amount of the debt, stating that it did not account for the FFAM Payments. In response, Defendant falsely stated that when a company does not receive payments fast enough, they will not change the balance on the debt.

2

9.    Notwithstanding the above, on or about January 5, 2006, Plaintiff contacted Defendant to discuss her issues regarding the debt. At the start of the conversation, Defendant offered Plaintiff a settlement for thirty five percent (35%) of the debt, which Defendant again stated to be $18,516.00.

10.    On or about January 5, 2006, Defendant wrote and mailed to Plaintiff a collection or "dunning" letter (hereafter the "Letter") which attempted to coerce Plaintiff into paying the debt. The Letter, *inter alia*, listed the amount of the debt as $18,516.96. (A true and correct copy of the Letter is attached hereto as Exhibit "A" and is incorporated herein).

11.    At all pertinent times hereto, the Letter was the initial communication to Plaintiff by the Defendant. Additionally, Defendant did not send any written communications to Plaintiff with respect to the alleged debt within five days after the above initial communication

12.    To date, Defendant has not garnished Plaintiff's wages.

13.    The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

14.    The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

15.    The Defendant acted in a false, deceptive, misleading and unfair manner by misrepresenting the amount, character or legal status of a debt.

16.    Defendant acted in a false, deceptive, misleading and unfair manner by failing to provide verification/validation language required by 15 U.S.C. 1692g of the FDCPA.

3

17.   The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

18.   At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

19.   At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20.   As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## V. FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA

21.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.   Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24.   The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

4

25.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), 1692f, and 1692g, as evidenced by the following conduct:

(a)     Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

(b)     Causing a telephone to ring or engaging any person in conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(c)     The false representation of the amount, character or legal status of a debt;

(d)     The representation or implication that nonpayment of a debt will result in the will result in the seizure, garnishment, attachment or sale of any property or wages is not lawful and/or that the Defendant did not intend to take;

(e)     Threatening to take action that cannot be legally be taken and/or is not intended to be taken;

(f)     Failing to send Plaintiff all of the required information pursuant to section 1692g(a) of the FDCPA; and

(g)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

26.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

27.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)    That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b)    That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c)    That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(d)    That the Court grant such other and further relief as may be just and proper.

## V.    JURY TRIAL DEMAND

28.    Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

FRANCIS & MAILMAN, P.C.

6

BY: _____
       MARK D. MAILMAN, ESQUIRE
       JAMES A. FRANCIS, ESQUIRE
       JOHN SOUMILAS, ESQUIRE
       MICHAEL J. SZYMBORSKI, ESQUIRE
       Attorneys for Plaintiff
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA 19110
       (215) 735-8600

DATE: February 13, 2006

7

**EXHIBIT O**

Court of Common Pleas, Columbiana County, Lisbon, Ohio

## Summons

Rule 4 1970, Ohio Rules of Civil Procedure

Case No.: 2007 CV 00096

KRISTYNE KORDES
4471 KIRK RD
COLUMBIANA, OH 44408
          Plaintiff(s)

          VS

J A CAMBECE LAW OFFICES PC et al
EIGHT BOURBON ST
PEABODY, MA 01960
          Defendant(s)

RECEIVED
FEB 08 2007

DAVID TOBIN
Judge

*Summons on Complaint*

To the below named Defendant(s):

PENTAGROUP FINANCIAL LLC
5959 CORPORATE DRIVE
STE 1400
HOUSTON, TX 77036

You are hereby summoned that a complaint (a copy of which is herein attached and made a part hereof) has been filed against you in this Court by the Plaintiff(s) named herein.

You are required to serve upon the Plaintiff's Attorney, or upon the Plaintiff if no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this Court within three (3) days after service on Plaintiff's Attorney.

The name and address of the Plaintiff's Attorney is as follows:

RALPH A ZUZOLO JR.   (330)·652-1609
700 YOUNGSTOWN WARREN RD
NILES, OH 44446

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

Anthony J. Dattilio, Clerk of Courts
105 South Market Street
Lisbon, Ohio 44432

Deputy Clerk               February 5, 2007

P

**EXHIBIT**

A

IN THE COURT OF COMMON PLEAS
COLUMBIANA COUNTY OHIO

Kristyne Kordes
4471 Kirk Rd
Columbiana Oh 44408

FILED

CASE NO 07CV96

Plaintiff

COLUMBIANA COUNTY
COURT OF COMMON PLEAS

JUDGE  David Tobin

vs.

JAN 3 1 2007

J.A. Cambece Law Offices, P.C.
Eight Bourbon St
Peabody Massachusetts 01960
&
Pentagroup Financial LLC
5959 Corporate Drive STE 1400
Houston Texas 77036
&
CACH, LLC
370 17th Street
Denver Co 80202

ANTHONY J. DATTILIO
CLERK  (LMS)

COMPLAINT;CIVIL
OTHER.

JURY DEMANDED
HEREON

Defendants

VERIFIED COMPLAINT

JURISDICTION

1. Plaintiff Kristyne Kordes is an adult resident of Columbiana County Ohio.

   Kristyne is a consumer as defined by Ohio Revised Code 1345.01(D) and 15

   U.S.C. 1692a(3).

2. Defendant J.A. Cambece Law Offices (Cambece) is a debt collector as defined

   by 15 U.S.C. 1692a(6) and a supplier as defined by Ohio Revised Code

   1345 01(C). Cambece attempted to collect debts for personal, family, and

   household purposes as defined by 15 U.S C. 1692a(5) from Kristyne at her place

   of residence which at the time was in Mahoning County Ohio. Cambece was

1

attempting to collect a debt on behalf of another debt collector Defendant CACH, LLC.

3. Defendant Pentagroup Financial LLC is a debt collector as defined by 15 U.S.C. 1692a(6) and a supplier as defined by Ohio Revised Code 1345 01(C) who attempted to collect a debt as defined by 15 U.S.C. 1692a(5) from Kristyne at her place of residence. Pentagroup was attempting to collect the debt on behalf of CACH, LLC.

4. Defendant CACH, LLC is a debt collector as defined by 15 U.S.C. 1692a(6) and a supplier as defined by Ohio Revised Code 1345 01(C). CACH, LLC purchased this debt already in default from Providian and then used Cambece and Pentagroup to try to collect the debt.

5. This cause of action arises out of attempts to collect a debt for personal, family, or household purpose, as defined by 15 U.S.C. 1692a(5), and out of a consumer transaction, as defined by Ohio Revised Code 1345.01(A). These collection attempts occurred through the mail and telephone at Kristyne's place of residence in Mahoning County Ohio.

### STATEMENT OF FACTS

#### CAMBECE

6. On or about October 2005 she received a letter from Cambece stating that she owed over $4500.00 to CACH. The letter also stated that if she disputed the balance that they will cease collection efforts until they mail her verification of the debt.

2

7. Kristyne never had a balance that high and knows that many times additional fees are added from collection agencies that are not authorized so she was not going to pay $4500.00 without some proof of the amount and whether this debt was even hers. In addition, Kristyne wanted to make sure that if any payment was made that CACH and Cambece were the right entities to pay.

8. With these concerns, on or about November 4, 2005, she sent a request for verification stating she is disputing the amount of the debt and requesting certain information that illustrates her liability to CACH. This letter was received by Cambece on November 7, 2005.

9. Cambece generated a letter to Kristyne on November 8, 2005 acknowledging her request for verification and stating that they would cease collection efforts, as required by 15 U.S.C. 1692g(b) until they provided her with the documents requested. The letter from Cambece also stated that it may take some time to obtain the documents because they may be in storage or on microfilm.

10. Despite this letter, on November 17th 2005 another letter from Cambece was sent to Kristyne now demanding $4633.21 and threatening to take further steps if she continues to ignore this matter. Kristyne did not receive her response to the verification request prior to this next attempt to collect the debt.

11. On December 20th, 2005 another letter was generated by Cambece to Kristyne offering a monthly payment arrangement. Once again Kristyne had not received any response to her verification request as required by the FDCPA before collection action can continue.

3

12. On February 7th 2006, Cambece generated a letter to Kristyne that falsely stated that they had received a payment from her and that she would need to continue making the payments in order to stay in the repayment plan. At no time did Kristyne enter into a repayment plan and at no time did Kristyne receive the verification response to her request as required by the FDCPA.

13. Many times this "phantom" payment tactic is used in the industry to extend the amount of time that the debt collector has in order to collect the debt. The client will normally give the debt collector a certain amount of time to either get a partial payment or a promise to pay. If the collector is able to get a partial payment or promise to pay, the client will extend the amount of time the collector has to try to collect additional money. This fabrication of payment, like the one included in the February 7th letter, is for the debt collector's benefit to make more money. Upon belief, this tactic was used against Kristyne.

14. Now despite the alleged payment plan and the promise to provide verification documents, in March of 2006, another debt collector Pentagroup began to call and collect on this debt on behalf of CACH. Kristyne never received the validation as required by the FDCPA but was continuously subjected to collection attempts.

15. This is a pattern and practice of both CACH and Cambece to ignore requests for validation and continue to collect in violation of the FDCPA.

PENTAGROUP

16. Jennifer Randelle; from Pentagroup called Kristyne on March 13, 2006. Ms. Randelle falsely stated that this was going to mediation on March 15 and that once that happened then they would call Kristyne's husbands employer and have

4

his wages garnished. Kristyne told her that she was going to seek counsel. Ms. Randelle said fine and then requested a fax number to send a settlement letter so this could be settled out of Court. These materially false statements concerning garnishment for her husband, who is not contractually liable, and mediation when no Court action had been filed, is a pattern of Pentagroup to harass, embarrass, and deceive Kristyne, and numerous other consumers, into paying an amount that they have not verified to Kristyne. In addition, 30 days earlier Kristyne was supposed to pay Cambece and now Pentagroup is the agent for CACH. CACH was on notice of the request for validation through their agent Cambece but still sent this debt to Pentagroup to start collection again without ensuring that verification was provided.

17. On March 14, 2006, Kristyne faxed another request for validation for this debt, this time to Pentagroup attention Jennifer Randelle. In addition to faxing, Kristyne also sent the request by certified mail which was received on March 23, 2006.

18. Over the next couple of months, Kristyne received various phone calls from different collectors at Pentagroup attempting to collect the debt. Each time Kristyne stated that she was not going to pay anything until she received the validation. Her request for verification was met with rude comments, hang ups, and disdain for her even requesting verification.

19. At no time did any collector state that they actually sent the verification only comments that if Kristyne acknowledges that it is her debt why doesn't she just pay it.

5

20. In one call the debt collector stated that he was not going to argue about verification if Kristyne refuses to pay the debt then he will mark the account as such and for Kristyne to have a good day and hung up on her.

21. In another collection call, Kristyne again asked for proof of the debt and the collector stated that the proof is on the credit report (which shows a completely different amount owed) but if she wanted verification then he would fax it to her. Kristyne stated her fax machine was boxed up. The collector then stated for Kristyne to call him back and he would fax her the verification when she had access to a fax machine and he would also send it to her by mail. The collector then proceeded to verify her address.

22. Once again in another collection call, a woman collector who refused to identify herself other than Pentagroup Financial became hostile with Kristyne when Kristyne stated she did not receive verification of the debt. The collector stated ma'am you know you owe the debt it's on your credit report. Kristyne responded that the collector was a third party collector, in which the collector responded with ok that means you don't pay your debts, it's on your credit report. Kristyne says that she has not received anything in writing from Pentagroup since March. The collector responded that you acknowledge the debt and you still refuse to pay because that is what I'm going to put that you're refusing to pay. We sent you out a letter, you just stated you received a letter in March so you are refusing to pay the debt. You need to get an Attorney! Kristyne responded with I have an attorney; however, the collector hung up on her in mid-sentence.

23. In subsequent phone calls the collector confirmed that the last letter to go out on the account was the March settlement letter, which is not the verification requested by Kristyne. Later in the conversation he let Kristyne know that the account was accruing interest at 11.99 percent. This is the first time that Kristyne is ever told what the interest rate is being charged. This is the type of information that Kristyne requested be provided from the verification. Most importantly, Kristyne once again told the collector that she had an attorney. Rather than hang up he requested the contact information of the attorney. Despite giving the contact information the collector continued to try to get her to pay the debt.

24. The most recent call was left on Kristyne's answering machine requesting that Kristyne call back by the following day or the next step would be taken, insinuating legal action. This threat of legal action has been put to Kristyne for nearly a year with no intent of actually filing a lawsuit. Likely the reason no lawsuit has been filed is because then Kristyne would better be able to defend against and dispute this amount of money that Cambece, CACH, and Pentagroup refuse to verify.

### CACH

25. CACH is a debt collector and a debt buyer who purchases debts for pennies on the dollar and then either attempts to collect themselves or regularly hires Cambece and Pentagroup to collect debts for them. CACH is derivatively liable for the actions of the hired debt collectors under the FDCPA and Ohio agency law. In addition, CACH is on notice of Cambece and Pentagroups pattern of violating

the FDCPA in their attempts to collect debts and is willfully and or negligently

liable for hiring them to collect.

## COUNT ONE

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692 et seq

26. Kristyne reasserts each and every allegation as if fully rewritten herein.

## CAMBECE

27. The following actions by Cambece are violations of the Fair Debt Collection

Practices Act : 1) failing to verify the debt and cease collection efforts; 2)

intentionally and falsely stating that Kristyne entered into an agreement and made

a payment when she did not, 3) and upon belief misrepresenting the amount

actually owed. The violations of the FDCPA include:

   a. 1692 d- any conduct the natural consequence of which is to harass,

      oppress, or abuse any person

   b. 1692e- any other false deceptive, or misleading representation or means in

      connection with the debt

   c. 1692e(2)-misrepresenting character, amount or legal status of the debt

   d. 1692e(10)- any false representation or deceptive means to collect a debt

   e. 1692f- any unfair or unconscionable means to collect or attempt to collect

      the alleged debt

   f. 1692g(b)- failure to send the verification and cease collection efforts

28. The actions by Cambece entitle Kristyne to actual damages including damages for

mental anguish, embarrassment, and emotional distress and reasonable attorney's

fees and costs.

8

## PENTAGROUP

29. The following actions by Pentagroup violate the FDCPA: 1) failing to send verification and cease collection efforts upon written request by the consumer; 2) threatening to take action for garnishment and mediation that cannot be taken; 3) threatening to file a lawsuit that they have no intention of actually filing; 4) failure to treat Kristyne with respect, dignity, and fairness during the phone conversations; 5) continuing to call Kristyne and threaten action after being notified that she was represented by counsel. These violations include but are not limited to :

    a. 1692c(a)(2)- contacting consumer after being notified that the consumer is represented by counsel

    b. 1692g(b)- failure to provide verification and ceasing collection efforts after written request by the consumer

    c. 1692 d- any conduct the natural consequence of which is to harass, oppress, or abuse any person

    d. 1692e- any other false deceptive, or misleading representation or means in connection with the debt

    e. 1692e(10)- any false representation or deceptive means to collect a debt

    f. 1692e(2)-misrepresenting character, amount or legal status of the debt

    g. 1692e(5)- Threaten to take action that cannot legally be taken or with no intent to take such action

    h. 1692f- any unfair or unconscionable means to collect or attempt to collect the alleged debt

9

30. The actions by Cambece entitle Kristyne to actual damages including damages for mental anguish, embarrassment, and emotional distress and reasonable attorneys fees and costs

## CACH

31. Kristyne reasserts each and every allegation as if fully rewritten herein.

32. CACH is derivatively liable as a debt collector for the FDCPA violations of their agent debt collectors of Cambece and Pentagroup. In addition, CACH is on notice of a pattern of FDCPA violations of both Cambece and Pentagroup. Despite this notice CACH continues to hire these collectors to collect their debts.

## COUNT TWO

## CONSUMER SALES PRACTICES ACT
## OHIO REVISED CODE 1345.01 ET SEQ

33. Kristyne reasserts each and every allegation as if fully rewritten herein.

34. The deceptive and unconscionable debt collection means used by CACH, through their agents Cambece and Pentagroup, are in violation of the Ohio Consumer Sales Practices Act and as such Kristyne is entitled to actual damages including emotional distress and reasonable attorneys fees and costs from each Defendant.

## COUNT THREE

## INTRUSION UPON SECLUSION

35. Kristyne reasserts each and every allegation as if fully rewritten herein.

36. CACH through their agents Cambece and Pentagroup intended to intrude upon the seclusion of Kristyne as a means to harass her into paying a debt. CACH,

10

through their agents did in fact intrude on Kristyne's seclusion in a manner

highly offensive to the ordinary reasonable person.

37. These actions entitle Kristyne to all actual damages including damages for

emotional distress.

WHEREFORE Kristyne prays, as to all counts, for actual damages in excess of $25,000.

As to Count Two actual damages times three. Punitive Damages, reasonable attorney's

fees and costs and any and all other relief this Honorable Court deems appropriate.

Respectfully Submitted

RALPH A. ZUZOLO, JR
REGIS NO 0065146
700 YOUNGSTOWN WARREN RD
NILES OH 44445
330-652-1609

## JURY DEMAND

Plaintiff request that this action be heard before a jury of at least 8 persons.

Respectfully submitted,

RALPH A. ZUZOLO, JR
REGIS NO 0065146
700 YOUNGSTOWN WARREN RD
NILES OH 44446
330-652-1609

11

IN THE COURT OF COMMON PLEAS
COLUMBIANA COUNTY OHIO

FILED
COLUMBIANA COUNTY
COURT OF COMMON PLEAS

JAN 3 1 2007

ANTHONY J. DATTILIO
CLERK

Kristyne Kordes          )
                         )     CASE NO
        Plaintiff        )     010101
                         )
vs.                      )     JUDGE   David Tobin      (LMS)
                         )
J.A. Cambece Law Offices, P.C.  )
Eight Bourbon St         )
Peabody Massachusetts 01960  )   INSTRUCTIONS FOR
&                        )     SERVICE
Pentagroup Financial LLC )
5959 Corporate Drive STE 1400  )   JURY DEMANDED
Houston Texas 77036      )     HEREON
&                        )
CACH, LLC                )
370 17th Street Ste 5000 )
Denver Co 80202          )
                         )

        Defendants


TO THE CLERK OF COURTS:

    Please issue summons and complaint to the above via certified mail return receipt

requested.

                            Respectfully Submitted

                            Ralph A Zozzy.
                            RALPH A. ZUZOLO, JR.
                            REGIS NO 0065146
                            700 YOUNGSTOWN WARREN RD
                            NILES OH 44446
                            330·652-1609

1

David Tobin

*FILED*

**VERIFICATION OF COMPLAINT AND CERTIFICATION** COLUMBIANA COUNTY COURT OF COMMON PLEAS

JAN 3 1 2007

ANTHONY J. DATTILIO

CLERK (LMS)

STATE OF OHIO )
) ss.
COUNTY OF MAHONING )

Plaintiff Kristyne Kordes, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_Kristyne Kordes_
Kristyne Kordes

Subscribed and sworn to before me
this 6th day of January, 2007.

_Notary Public_
Notary Public

RALPH A. ZUZOLO, JR.
NOTARY PUBLIC, STATE OF OHIO
ATTORNEY'S UNEXPIRED COMMISSION

-1-

**EXHIBIT P**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| JEANETTE SUTCLIFFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| PENTAGROUP FINANCIAL, LLC, | ) | JURY DEMAND ENDORSED HEREON |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

NOW COMES the Plaintiff, JEANETTE SUTCLIFFE, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, PENTAGROUP FINANCIAL, LLC, alleges and states as follows:

### PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, *et seq.*

### JURISDICTION AND VENUE

2.     Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

### PARTIES

3.     Plaintiff, JEANETTE SUTCLIFFE, formerly known as Jeanette Gettan, is an individual who was at all relevant times residing in Toledo, Ohio.

4.     At all relevant times, Defendant, PENTAGROUP FINANCIAL, LLC, acted as a "debt collector" within the meaning of 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a debt allegedly owed to Chase Manhattan.

5.    Defendant is a Texas Limited Liability Company that has its principal place of business and its offices located in Houston, Texas.

<strong>COUNT I<br>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</strong>

6.    After discovering she had been the victim of identity theft since September of 1999, Plaintiff filed a police report in 2003, explaining her allegations against the woman who opened numerous fraudulent credit accounts in Plaintiff's name.

7.    As a victim of identity theft, Plaintiff discovered that a mobile home was purchased in her name and that accounts were opened using her personal information with MasterCard, Visa, Fashion Bug, Discover, Fingerhut and other companies.

8.    On or after December 14, 2005, Plaintiff received a letter from Defendant attempting to collect on a delinquent account allegedly owed to Chase Manhattan in the amount of $2,680.79. A copy of said letter is attached hereto as Exhibit 1.

10.    Plaintiff has spoken with representatives of Defendant on numerous occasions, usually one who identified herself as "Lisa." Plaintiff has repeatedly explained to Lisa that she was the victim of identity theft. Plaintiff has further explained to Lisa that the account on which Defendant was collecting was opened due to this fraud and that it was not Plaintiff's account.

11.    Plaintiff explained to Lisa that she had filed a police report. Plaintiff offered to send a copy of the report to Defendant as proof that the account did not belong to her. Lisa responded that the police report would not suffice and if Plaintiff could not prove in any other way that the account did not belong to Plaintiff, then it was her responsibility to pay for it. Lisa told Plaintiff that she must obtain a court order against the identity thief, proving the thief violated the law before Defendant would stop collecting on the account.

2

12.     Lisa threatened that if Plaintiff did not make payment on the debt, then Defendant would put a lien on her house and garnish Plaintiff's wages.

13.     In its attempts to collect the aforementioned debt, Defendant violated the Fair Debt Collection Practices Act in one or more of the following ways:

   a.     Representing or implying that non-payment of a debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action, in violation of 15 U.S.C. §1692e(4);

   b.     Threatening to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. §1692e(5); and

   c.     Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. §1692e(10).

14.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JEANETTE SUTCLIFFE, respectfully prays for a judgment as follows:

   a.     All actual compensatory damages suffered;

   b.     Statutory damages of $1,000.00 for Plaintiff for each violation of the Act;

   c.     Plaintiff's attorneys' fees and costs; and

   d.     Any other relief deemed appropriate by this Honorable Court.

3

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
R.J. Roberto (0076261)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
P.O. Box 39605
Solon, OH 44139-0605
(440) 248-0522
(440) 287-6040 (facsimile)
David@LuxenburgLevin.com

4

# Pentagroup Financial, LLC

5959 Corporate Drive, Suite 1400
Houston, Texas 77036
Toll Free, (800) 997-5339
Houston Local (832) 615-2281

December 14th, 2005

17959547/12521045020700240/1480      (#202)  09684
JEANETTE A GETTAN
1227 SOUTH AVE
TOLEDO, OH 43609

IIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIII

RE:  **Current Creditor:**       CACV of Colorado, LLC
     **Original Creditor:**      CHASE MANHATTAN BANK
     **Current Balance Due:**    $2,680.79
     **Current Account No.:**    12521045020700240
     **Original Account No.:**   5260316020136572

Dear JEANETTE A GETTAN

Pentagroup Financial, LLC has been hired by the above referenced Current Creditor to contact
you regarding the above referenced debt. Please be advised that the Current Creditor listed above
has purchased the above referenced debt from the Original Creditor listed above  As of the date
of this letter the Current Creditor's records indicate that the Balance Due remains unpaid

If payment is not made in a timely manner, further collection activity may be instituted. Your
prompt attention to this matter will be appreciated

If you have any questions or wish to discuss your account with one of our courteous and friendly
representatives, please call us at the toll free number listed above

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This is a communication from a debt collector

Unless you notify this office within 30 days after receiving this notice that you dispute the validity
of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office
in writing within 30 days from receiving this notice, this office will obtain verification of the debt
or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you
request this office in writing within 30 days after receiving this notice, this office will provide you
with the name and address of the original credit grantor, if different from the current credit
grantor

indis- ca2

# EXHIBIT Q

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI
CIRCUIT DIVISION

DAVID RYAN MACPHERSON )
                                  )
      Plaintiff, )
                                    )
vs.                             ) Case No.: 105 CC3035
                                    )
NEXTEL COMMUNICATIONS and )
PENTAGROUP FINANCIAL, L.L.C. )
                                    )
      Defendants. )

## PETITION FOR DAMAGES

COMES NOW Plaintiff, David Ryan MacPherson, and as and for his claim for damages

against the Defendants Nextel Communications and Pentagroup Financial, L.L.C., would state as

follows:

1)      That Defendant Nextel Communications (hereinafter referred to as "Nextel") is a

corporation doing business in the state of Missouri with an office for transacting said

business in Springfield, Missouri, at 2922 S. Glenstone, Springfield, Missouri,

65804, and that Plaintiff will serve the summons and Petition upon said corporate

Defendant by mail pursuant to Supreme Court Rule 54.16.

2)      That Defendant Pentagroup Financial, L.L.C. (hereinafter referred to as

"Pentagroup") is a corporation transacting business in the state of Missouri and that

Plaintiff will serve the summons and Petition upon said corporate Defendant by mail

pursuant to Supreme Court Rule 54.16 to 5959 Corporate Drive, Suite 1400,

Houston, Texas, 77036-2308.

3) That Plaintiff David R. MacPherson contracted for wireless services from Defendant Nextel.

4) That during the period of telephone service, Defendant Nextel failed to provide the contracted-for services and provide contracted credits as follows:

a. Plaintiff was told there would be a $50 rebate on the two phones purchased, which rebate was applied for but never received. This was a $100 credit that should have been applied to Mr. MacPherson's outstanding bill.

b. Plaintiff MacPherson was told he would receive an 11% discount because the phone was used in his business as a Sysco sales representative but for seven months he never received the 11% discount which sum of money would have amounted to more than $210.

c. That the phones Plaintiff MacPherson signed up for in this program were to have free incoming calls to 353-2169 yet those free incoming calls were never credited to his account and both phones were overcharged $200 for these calls.

d. There were two phones involved in this service plan. One phone was for Plaintiff David MacPherson and one was for his fiancée, Ashleigh Shaffer, who was attending law school in Kansas City, Missouri. Plaintiff was advised service could be provided without interruption from Kansas City to

Springfield, Missouri. Since a great deal of time is spent traveling between Kansas City and Springfield, their phones were needed to communicate with each other during these long drives. Unfortunately, the services provided in this area was misrepresented to Plaintiff in that there is no service from Bolivar to Kansas City, Missouri, which is 90% of the area traveled by Ashleigh Shaffer and Plaintiff David MacPherson.

5) Plaintiff David MacPherson cancelled his Nextel service due to poor service, inappropriate billing, fraud and misrepresentation in obtaining the contract.

6) On April 12, 2004, a letter was sent by the attorney for David MacPherson outlining why he was canceling his service and disputing his billing. See attached **Exhibit 1**, incorporated herein as if fully set forth herein.

7) In this letter to Defendant Nextel on April 12, 2004 (Exhibit 1), Defendant was directed by the attorney for Plaintiff as follows:

> **"BY THIS LETTER, I AM DIRECTING YOU TO HAVE NO FURTHER CONTACT WHATSOEVER WITH MY CLIENT, EITHER DIRECTLY THROUGH NEXTEL OR ANY AGENT OF NEXTEL, SUCH AS COLLECTION AGENCIES OR ATTORNEYS. ALL CONTACT REGARDING THIS ACCOUNT SHOULD BE MADE DIRECTLY WITH MY OFFICE"**

8) Despite this letter of representation and directive to have no contact with my client, Defendant Nextel continued to communicate directly with Plaintiff

regarding this debt.

9) Again, on May 18, 2004, Defendant Nextel was contacted and again directed to have no further contact with Plaintiff MacPherson and that he unequivocally denied owing and contested this alleged debt. In that letter, Defendant was further advised: *"If you fail to comply with my directives and continue to harass Mr. MacPherson for a debt he denies owing we will have no choice but to file suit seeking actual and punitive damages for violation of the Fair Debt Claim Practice law."* See **Exhibit 2** attached hereto and incorporated herein as if fully set forth herein.

10) The harassing phone calls and billings from Nextel continued yet no one contacted my office or Mr. MacPherson to determine the factual basis for his complaints against Nextel.

11) On August 18, 2004, I again contacted Defendant Nextel and advised them as follows: *"Once again I am advising that you have no contact with Mr. MacPherson UNLESS it is to determine the basis of his service complaints against Nextel AND that is to include continued billings on an account which he denies owing."* See **Exhibit 3** attached hereto and incorporated herein as if fully set forth herein.

4

12) Plaintiff MacPherson also received *"Collection Agency Alert!"* from Nextel despite my letters and cautions to them to have no contact with my client. See **Exhibits 4** and **5** attached hereto and incorporated herein as if fully set forth herein.

13) Despite my repeated letters and warnings, on November 30, 2004, Plaintiff was contacted by Defendant Pentagroup, a collection agency for Defendant Nextel, and began harassing Plaintiff MacPherson regarding this account.

14) The Defendant Pentagroup made repeated harassing phone calls to Plaintiff David MacPherson despite their knowledge that he had contested this debt repeatedly. See **Exhibit 6** attached hereto and incorporated herein as if fully set forth herein.

15) That on December 2, 2004, Plaintiff MacPherson sent by certified mail a letter to Defendant Nextel demanding once again that all contact and harassing phone calls to Plaintiff cease immediately. In that letter, Plaintiff's attorney further requested that the attorneys for Defendants contact her directly regarding this case. See **Exhibit 7** attached hereto and incorporated herein as if fully set forth herein.

16) That Defendant signed for this letter on December 4, 2004. See **Exhibit 8** attached hereto and incorporated herein as if fully set forth herein.

5

17) That the Defendants and each of them have violated the Fair Debt Collection Practices Law as follows:

a. Defendants have had unlawful and unauthorized communications with the Plaintiff in that the Defendants repeatedly harassed and contacted Plaintiff knowing that Plaintiff was represented by an attorney with respect to this debt and blatantly and arrogantly ignored all directives of the attorney to have no communication with the Plaintiff whatsoever and further failed and refused to communicate with Plaintiff's attorney when requested to do so all in violation of 15 U.S.C. 1692(c).

b. Defendants failed to cease communications with Plaintiff when directed to do so in violation of 15 U.S.C. 1692(c).

c. The Defendant's conduct was intended to harass or abuse the Plaintiff in connection with the collection of this debt in that Defendants were aware that Plaintiff denied owing this debt and yet continued to phone and write Plaintiff regarding this debt repeatedly in violation of 15 U.S.C. 1692(d).

d. Defendants have refused and failed to validate the debt as required by 15 U.S.C. 1692(g) when requested to do so by the attorney for Plaintiff.

18) That based on the misconduct and unlawful acts of the Defendants, Plaintiff is entitled to his actual damages in attorney fees which now exceed $3,000, his costs and expenses and punitive damages as allowed by 15 U.S.C. 1692(k).

6

WHEREFORE, Plaintiff would seek damages for compensatory as well as punitive damages, his costs and interest on said damage award and for such other and further relief as the Court deems proper.

Respectfully submitted,

Cynthia O. MacPherson          #25665
Attorney at Law
421 East State
PO Box 680
Mountain Grove MO 65711
Phone: (417) 926-3138
Fax:    (417) 926-3140

7

# MacPherson Law Center, L.L.C.

*Attorneys at Law*

CYNTHIA O. MACPHERSON
JASON W. MACPHERSON

LEGAL ASSISTANTS
   BETTY L. FINNEY
   ANNA M. KRUGER
   CATHY SIRDOREUS

421 EAST STATE
P.O. BOX 680
MOUNTAIN GROVE, MO 65711
TELELPHONE (417) 926-3138
FAX (417) 926-3140

April 12, 2004

Nextel Communications
P.O. Box 17990
Denver, CO 80217-0990

      Re: Account Name: David MacPherson
          Account Number: 928643321

To Whom It May Concern:

    Please be advised that I represent David MacPherson regarding the cellular program and rate plan entered with Nextel. The services were never as represented and Mr. MacPherson has consistently been overcharged and not given the benefits for which he had contracted and to which he was entitled under the program.

    In the first place, there was to be a $50 rebate on two phones, which rebate was applied for but never received. This was a $100 credit that should have been applied to Mr. MacPherson's outstanding bill.

    Secondly, he was told he would receive an 11 percent discount because the phone was used in his business as a Sysco sales representative. For seven months he never received the 11 percent discount, which would have amounted to more than $210.

    Thirdly, both of the phones signed up for in this program were to have free incoming calls to 353-2169. Those free incoming calls were never received and both phones were overcharged $200 for these calls.

    Most importantly, there were two phones involved in this service plan. One was for David MacPherson and one was for his fiancée, Ashley Shaffer, who is attending law school in Kansas City, Missouri. They were advised service could be provided without interruption from Kansas City to Springfield, Missouri. This was very important to both David MacPherson and Ashley Shaffer as they both do a great deal of traveling between Kansas City and Springfield, Missouri and use their phones to communicate with one another while traveling, as well as for safety reasons in this area of travel. Unfortunately, the service in this area was misrepresented to them. There is no service from Bolivar to Kansas City, Missouri, which is 90 percent of the area traveled by Ashley Shaffer and David MacPherson.



Nextel Communications
April 12, 2004
Page 2

There was an additional cancellation fee of $400. This fee will never be paid as the phones were cancelled due to poor service, inappropriate billing and fraud and misrepresentation in obtaining the contract with David MacPherson.

This then leaves a balance of $487.64 which you claim is owed under the Nextel contract. If Mr. MacPherson is given credit for the $100 rebate he should have received, the approximate $210 owed him for the 11 percent discount from Sysco which he never received, plus the approximate $200 overcharge for which there should have been no charge as there were to be free incoming calls from phone number 353-2169, this would leave $510 owed to Mr. MacPherson. Deducting your claim for $487.64 from the $510 owed Mr. MacPherson, a net of $22.36 would be owed by you to Mr. MacPherson.

In an effort to settle this case short of litigation, though, I am enclosing a check for $243.82, which is one-half of the disputed balance you assert is owed. PLEASE NOTE THAT I HAVE INDICATED ON THIS CHECK THAT THIS PAYMENT IS MADE "IN SATISFACTION AND ACCORD" OF ALL SUMS DUE ON ACCOUNT NUMBER 928643321. Under Missouri law, your cashing this check with this notation indicates you are settling this case as outlined in this letter. I would further ask that you NOT cash the check unless you are accepting $243.82 as payment in full on this account. Please void the check and return it to this office if this settlement is not agreeable.

I should note that if you do not accept this settlement, we unequivocally deny owing any sums of money at all to Nextel and will take the position that you, in fact, owe Mr. MacPherson $22.36. As required by the Fair Debt Claim Practice Law, we are denying in writing owing any sums of money to Nextel. You have no alternative at this point but to pursue a lawsuit against Mr. MacPherson on this account if you in fact believe you can prove he owes you the money claimed. You cannot now turn this matter over to any credit reporting agency or debt collection agency without running afoul of the Fair Debt Claims Practice Law, which will entitle us to treble damages as well as punitive damages.

BY THIS LETTER, I AM DIRECTING YOU TO HAVE NO FURTHER CONTACT WHATSOEVER WITH MY CLIENT, EITHER DIRECTLY THROUGH NEXTEL OR ANY AGENT OF NEXTEL, SUCH AS COLLECTION AGENCIES OR ATTORNEYS. ALL CONTACT REGARDING THIS ACCOUNT SHOULD BE MADE DIRECTLY WITH MY OFFICE.

Very truly yours,

Cynthia MacPherson

**MacPHERSON LAW CENTER, LLC**
421 E. STATE  PH. 417-926-3138
P.O. DRAWER 680
MOUNTAIN GROVE, MO 65711

UNION BANK   4/12/04

18-150/1010

38.74

THE
DER OF   NEXTEL COMMUNICATIONS

$243.82

TWO HUNDRED FORTY-THREE AND 82/100 ————————————————————— DOLLARS

Betty Jinner
AUTHORIZED SIGNATURE

MO   Full Satisfaction & Accord of
Account #928643321

⑈003874⑈ ⑈101001500⑈   ⑈002100310μ⑈

Full Satisfaction & Accord of
Account #928643321

# MacPherson Law Center, L.L.C.

*Attorneys at Law*

CYNTHIA O. MACPHERSON
JASON W. MACPHERSON

LEGAL ASSISTANTS
    ANNA M. KRUGER
    CATHY SIRDOREUS

421 EAST STATE
P.O. BOX 680
MOUNTAIN GROVE, MO 65711
TELEPHONE (417) 926-3138
FAX (417) 926-3140

May 18, 2004

**VIA FACSIMILE 1-800-784-1236**

Customer Finance Services
Nextel Communications
P.O. Box 17990
Denver, CO 80217-0990

      Re: Account Name: David MacPherson
          Account Number: 928643321

To Whom It May Concern:

    Please find attached to this fax a letter to Nextel Communications under date of April 12, 2004. In this correspondence I advised Nextel that we were disputing the claimed balance due on this account and were further challenging the contract based on its breach by Nextel failing to provide the services they had contracted to provide.

    In any event, we are disputing this debt and your only alternative at this point is to file suit if in fact you believe a valid claim can be made under the circumstances as outlined in the attached faxed letter. If you turn this matter over to a collection agency or report it to a credit bureau while we contest the sums Nextel claims are owed, you will be in violation of Fair Debt Claim Practice law. Further, your current contact by phone and letter with my client is in direct violation of my directives under date of April 12, 2004 to have no contact whatsoever with my client and contesting this debt. If you fail to comply with my directives and continue to harass Mr. MacPherson for a debt he denies owing we will have no choice but to file suit seeking actual and punitive damages for violation of the Fair Debt Claim Practice law.

    Please do not hesitate to call my office and speak directly with me if you have any questions about this communication or my earlier communications under date of April 12, 2004. I will be glad to discuss this account with you but once again must remind you that you are to have no contact whatsoever with my client.

Very truly yours,

Cynthia MacPherson

xc: Mr. David MacPherson

**PLAINTIFF'S
EXHIBIT
2**

# MacPherson Law Center, L.L.C.

*Attorneys at Law*

CYNTHIA O. MACPHERSON
JASON W. MACPHERSON

LEGAL ASSISTANTS
    ANNA M. KRUGER
    CATHY SIRDOREUS

421 EAST STATE
P.O. BOX 680
MOUNTAIN GROVE, MO 65711
TELEPHONE (417) 926-3138
FAX (417) 926-3140

August 18, 2004

## VIA FACSIMILE ONLY ~ (800) 784-1236

Customer Finance Services
Nextel Communications
P.O. Box 17990
Denver, CO 80217-0990

   Re: Account Name: David MacPherson
    Account Number: 928643321

To Whom It May Concern:

  Attached are two letters which I had previously written to Nextel Communications under dates of April 12, 2004 and May 18, 2004. After faxing my letter to Nextel on May 18, 2004, I received a phone call from Chris with the Research Department at 720-206-2658. Chris assured me that there would be no contact with David MacPherson but they merely wanted to make a call to Mr. MacPherson regarding his complaint and determine the factual basis of these complaints before negotiating an appropriate amount owed on this account. I approved this contact.

  Since that May 20, 2004 call, Mr. MacPherson has received repeated phone calls and billings from Nextel yet no one has called to determine the factual basis for his complaints.

  Once again I am advising that you have no contact with Mr. MacPherson UNLESS it is to determine the basis of his service complaints against Nextel AND that is to include continued billings on an account which he denies owing.

       Very truly yours,

       Cynthia MacPherson
       Attorney at Law

xc: Mr. David MacPherson

**PLAINTIFF'S EXHIBIT**
**3**

PO Box 172408
Denver CO 80217-2408



**This communication is sent to:**

DAVID MACPHERSON
206 WILDWOOD AVE
NIXA MO 65714-8448

*Fax #*

*1 800 784 1236*

**Your account information is:**

BAN #: 928643321
Date: APRIL 12, 2004
Amount Due: $944.49

# COLLECTION AGENCY ALERT!

Dear David MacPherson,

As of the date shown above we have not received your payment. Your prompt payment is now necessary to avoid having the account forwarded out of our office to a third party collection agency.

Please take a few moments to mail your payment to the address below. Remember to reference your account number on your payment. You may also call us at 800-456-6070 to arrange payment via check-by-phone or use your Visa, MasterCard, American Express, Diner's Club, or Discover credit card.

Your prompt attention to this matter is greatly appreciated.

Sincerely,

Customer Finance Services

**Note:** This letter is for the purpose of collecting a consumer debt owed to Nextel and any and all information obtained will be used for that purpose.

**Please give this matter your prompt attention.**

Make your check payable to Nextel or use your credit card and mail the coupon below in the enclosed envelope.

**Amount Due: $944.49**

**Due Date: Today**

Customer Finance Services Hours of Operation
Monday - Thursday 8 am - 9 pm (Eastern)
Friday 8 am - 5 pm (Eastern)
Saturday 9 am - 7 pm (Eastern)

↑↑ IMPORTANT: TO INSURE PROPER CREDIT, PLEASE RETURN THE LOWER PORTION TOGETHER WITH YOUR REMITTANCE. ↑↑

P8BT0037 AA   UD17 IND002 T10C

DAVID MACPHERSON
206 WILDWOOD AVE
NIXA MO 65714-8448

**Your account information is:**

BAN #: 928643321
Date: APRIL 12, 2004
Amount Due: $944.49

☐ My check/money order is enclosed.
**or**
Please bill my:
☐ Visa                  ☐ MasterCard
☐ American Express      ☐ Diners Club
☐ Discover
Exp. Date: _____
Card #: _____
_____
Signature

NEXTEL COMMUNICATIONS
PO BOX 4191
CAROL STREAM IL 60197-41

**PLAINTIFF'S EXHIBIT**

**4**

928643321  000045685  0000487640  0000944490

Denver CO 80217-2408

# NEXTEL

This communication is sent to:

llllllll.l.ll..lll.llllllll.ll.ll.ll.ll
DAVID MACPHERSON
206 WILDWOOD AVE
NIXA MO 65714-8448

Your account information is:

BAN #: 928643321
Date: APRIL 23, 2004
Amount Due: $944.49

# COLLECTION AGENCY ALERT!

Dear David MacPherson,

As of the date shown above we have not received your payment. Your prompt payment is now necessary to avoid having the account forwarded out of our office to a third party collection agency.

Please take a few moments to mail your payment to the address below. Remember to reference your account number on your payment. You may also call us at 800-456-6070 to arrange payment via check-by-phone or use your Visa, MasterCard, American Express, Diner's Club, or Discover credit card.

Your prompt attention to this matter is greatly appreciated.

Sincerely,

Customer Finance Services

**Note:** This letter is for the purpose of collecting a consumer debt owed to Nextel and any and all information obtained will be used for that purpose.

**Please give this matter your prompt attention.**

Make your check payable to Nextel or use your credit card and mail the coupon below in the enclosed envelope.

**Amount Due:**
**$944.49**

**Due Date:**
**Today**

Customer Finance Services Hours of Operation
Monday - Thursday 8 am - 9 pm (Eastern)
Friday 8 am - 5 pm (Eastern)
Saturday 9 am - 7 pm (Eastern)

↑↑ **IMPORTANT: TO INSURE PROPER CREDIT, PLEASE RETURN THE LOWER PORTION TOGETHER WITH YOUR REMITTANCE.** ↑↑

PS6TI0X37 AA    UD171ND001*TXX
DAVID MACPHERSON
206 WILDWOOD AVE
NIXA MO 65714-8448

Your account information is:

BAN #: 928643321
Date: APRIL 23, 2004
Amount Due: $944.49

☐ My check/money order is enclosed.
**or**
Please bill my:
☐ Visa                    ☐ MasterCard
☐ American Express        ☐ Diners Club
☐ Discover
Exp. Date: _____
Card #: _____

_____
Signature

llllll....llllllllllll.llllll.lllll.lllll.llll.ll
NEXTEL COMMUNICATIONS
PO BOX 4191
CAROL STREAM IL 60197-419

**PLAINTIFF'S EXHIBIT**
**5**

928643321  000045685  0000487640  0000944490

CORPORATE DRIVE, STE 1400
HOUSTON, TX 77035-2808
ADDRESS SERVICE REQUESTED

1893795

11/30/2004

**Pentagroup Financial, LLC**
Toll Free: 1 800 620 7159
Houston Local: 832-615-2100

Creditor: NEXTEL
Account Number: 938643321
Balance: $944.49

#BWNDLZK
#P000 057Q DQA8#

DAVID MACPHERSON                     A882
206 WILDWOOD AVE                     HD5
NIXA MO 65714-8448                   INDIS

PENTAGROUP FINANCIAL, LLC
PO BOX 742209
HOUSTON TX 77274-2209

---

*IMPORTANT: To receive proper credit be sure to enclose this portion with your payment in full*

---

Dear: DAVID MACPHERSON

The account listed above has not been paid and has been placed with this agency for collection.

Please remit the entire outstanding balance to our office using the return envelope provided. If you have any questions or wish to discuss your account with one of our representatives, please call us at the toll free number listed above.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original credit grantor, if different from the current credit grantor.

PLAINTIFF'S
EXHIBIT
6

# MacPherson Law Center, L.L.C.

*Attorneys at Law*

CYNTHIA O. MACPHERSON
JASON M. MACPHERSON

LEGAL ASSISTANTS
    ANNA M. KRUGER
    CATHY SIRDOREUS



December 2, 2004

**<u>VIA FACSIMILE ~ 800-784-1236</u>**
**<u>AND U.S. MAIL</u>**

Legal Department
Nextel Communications
P.O. Box 17990
Denver, CO 80217-0990

      Re: Account Name: David MacPherson
          Account Number: 928643321

To Whom It May Concern:

    Nextel Communications has been repeatedly advised to have no contact whatsoever with my client, David MacPherson. These communications have been in writing and sent to your company by facsimile and regular mail under dates of April 12, 2004; May 18, 2004; and August 18, 2004. In the correspondence dated August 18, 2004, I included copies of my communications with your company under day of April 12, 2004, and May 18, 2004. Despite these extensive communications, you continue to violate the Fair Debt Claims Practice Law in having direct contact with my client.

    We have repeatedly denied, in writing, owing any sums of money under this account and have done what we could to fairly and reasonably settle this matter. On April 12, 2004, you were sent a check in the amount $243.82 in full satisfaction of this account. I would ask that you negotiate this check within the next ten days or promptly return it to my office. Your retention of the check will be taken as an indication that you are accepting the payment of $243.82 as full and complete satisfaction of this account, whether or not you negotiate this draft.

    Please withdraw this account from your collection agency and if you feel you are justified in demanding payment in excess of our proposed settlement amount of $243.82, you need to proceed with a lawsuit. It is our position that you have committed fraud and misrepresentation and that your conduct to this point will allow us treble damages under the Fair Debt Claims Practice Law, as well as attorney fees and court costs.

    **PLEASE BE AWARE THAT IF THERE IS ANY FURTHER CONTACT WHATSOEVER WITH MY CLIENT, EITHER BY HARRASING PHONE CALLS OR BY THREATENING LETTERS, EITHER DIRECTLY FROM NEXTEL OR ANY**



PLAINTIFF'S
EXHIBIT
7

AGENT OF NEXTEL, SUCH AS COLLECTION AGENCIES, I WILL HAVE NO
CHOICE BUT TO FILE SUIT, SEEKING DAMAGES FOR YOUR ILLEGAL
CONDUCT. PLEASE HAVE YOUR LEGAL DEPARTMENT CONTACT ME IF THEY
HAVE ANY QUESTIONS WHATSOEVER.

Very truly yours,

Cynthia MacPherson

COM:ak

xc: David MacPherson

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Legal Dept/Nextel Communications
P.O. Box 17990
Denver, CO 80217-0990

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _DE XPRES_ ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1900 WAZEE #3C
DENVER, CO 80202

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7001 2510 0000 0374 5964

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

PLAINTIFF'S
EXHIBIT
8

## **EXHIBIT R**

Keith D. Karnes, OSB # 03352
Olsen, Olsen & Daines
1599 State St.
P.O. Box 12829
Salem, OR 97309-0829
(503)362-9393

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN AND JULIE COOK,

                Plaintiffs,

v.

PENTAGROUP FINANCIAL, LLC; and
J. REILLY CATES, an employee of
Pentagroup Financial, LLC,

                Defendants.

Case No. OS-6087-HO

Complaint for Violation of Fair Debt
Collection Practices Act and Oregon
Unlawful Debt Collection Practices Act.

**JURY REQUESTED**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiffs, John and Julie

Cook, individual consumers, against Defendants, Pentagroup Financial, LLC, and J. Reilly Cates,

for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (herein

"FDCPA") and the Oregon Unlawful Debt Collection Practices Act, O.R.S. § 646.639 (herein

"UDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair

practices.

Page 1- COMPLAINT

## II. JURISDICTION

2. Jurisdiction for the FDCPA claim arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Jurisdiction for the UDCPA claim arises under 28 U.S.C. § 1367. Venue in this District is proper because Defendant conducts business in Oregon and the conduct complained of occurred within the District.

## III. PARTIES

3. Plaintiffs, John and Julie Cook, husband and wife, are natural persons residing in Salem, Oregon.

4. Defendant, Pentagroup Financial, LLC, (herein "Pentagroup") is a Texas corporation engaged in the business of collecting debts in Oregon with its principal place of business located in Houston, Texas. The principal purpose of Defendant Pentagroup is the collection of debts in this state and Defendant Pentagroup regularly attempts to collect debts alleged to be due another.

5. Defendant, J. Reilly Cates, (herein "Cates") is a natural person and employee of Defendant Pentagroup Financial, LLC. The principal purpose of Defendant Cates is the collection of debts in this state and Defendant Cates regularly attempts to collect debts alleged to be due another.

6. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collector(s)" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the UDCPA, O.R.S. § 646.639 (2)(g).

7. Plaintiffs are "consumer(s)" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the UDCPA, O.R.S. § 646.639 (2)(a).

/ / /

Page 2- COMPLAINT

IV. FACTUAL ALLEGATIONS

8. Defendant Cates, an employee of Defendant Pentagroup, has identified himself as an attorney representing Defendant Pentagroup in the collection of Plaintiffs debt.

9. Defendant has repeatedly contacted Plaintiffs' neighbors via the telephone in an attempt to contact Plaintiffs. (Exhibit A.)

10. Defendant Cates contacted Plaintiff Julie Cook via the telephone in an attempt to collect a debt owed on May 20, 2004.

11. Defendant Cates identified himself as an attorney, informed Plaintiff Julie Cook he had called several times leaving messages for Plaintiffs, and demanded action on the account at hand.

12. Defendant Cates informed Plaintiff Julie Cook that he would have Plaintiff John Cook arrested because "he was a thief" if Plaintiff Julie Cook did not pay the debt owed.

13. Defendant Cates demanded to know the exact location of Plaintiff John Cook. When Plaintiff Julie Cook refused to answer Defendant Cates, Defendant Cates informed Plaintiff Julie Cook it did not matter because "he could hunt [Plaintiff] John [Cook] down and find him anywhere and would have him arrested."

14. Defendant Cates went on to inform Plaintiff Julie Cook that he would "pick the moment for the arrest making it has(sic) embarrassing and humiliating as possible."

15. When Plaintiff Julie Cook asked Defendant Cates what Plaintiff John Cook could be arrested for, Defendant Cates informed Plaintiff Julie Cook Plaintiff John Cook was a thief and "had falsifying(sic) information on the credit card agreement with the credit card company which stated he would pay the bill."

/ / /

Page 3- COMPLAINT

16. Defendant Cates went on to inform Plaintiff Julie Cook she should take the threats seriously because he was an attorney and "did this all the time."

17. Defendant Cates ended the conversation by leaving his contact information and informed Plaintiff Julie Cook that if Plaintiff John Cook "didn't want to talk to him, he would be talking to the police."

18. Defendant Cates again contacted Plaintiffs via the telephone on May 22, 2004 in an attempt to collect a debt.

19. Defendant Cates left a message for Plaintiff John Cook as follows:

> "This is J. Reilly Cates, Attorney at Law. I am calling again regarding the debt you owe of $6190.00. This amount is due immediately. I received the message you left for me yesterday. If you don't like me calling your neighbors then you had better speak to me. I will call everyone in your neighborhood whether you like it or not. Don't think that you can hide from me because you can't. If I don't hear from you and have payment in full by close of business Monday I will file charges against you and have you arrested. Once again, this is J. Reilly Cates, I am an Attorney-at Law and my phone number is 1-800-334-2676."

20. Defendant Pentagroup is responsible for the actions of their employees, therefore Defendant Pentagroup is responsible for the actions of Defendant Cates.

## V. CLAIM FOR RELIEF

### Complaint One

21. Defendants' actions in contacting Plaintiffs' neighbors in regards to Plaintiffs' debt is a violation of the FDCPA, 15 U.S.C. § 1692c(3)(b).

22. Defendants' actions has caused Plaintiff damages in the form of embarrassment, emotional distress, and attorney fees.

/ / /

/ / /

Page 4- COMPLAINT

**Complaint Two**

23. Defendants' actions in contacting Plaintiffs' neighbors in regards to Plaintiffs' debt is a violation of the UDCPA, O.R.S. § 646.639(2)(e).

24. Defendants' actions has caused Plaintiff damages in the form of embarrassment, emotional distress, and attorney fees.

**Complaint Three**

25. Defendants' action in calling Plaintiff John Cook a thief is a violation of the FDCPA, 15 U.S.C. § 1692d(2).

26. Defendants' actions has caused Plaintiff damages in the form of embarrassment, emotional distress, and attorney fees.

**Complaint Four**

27. Defendants' action in calling Plaintiff John Cook a thief is a violation of the UDCPA, O.R.S. § 646.639(2)(d).

28. Defendants' actions has caused Plaintiff damages in the form of embarrassment, emotional distress, and attorney fees.

**Complaint Five**

29. Defendants' action in threatening to have Plaintiff John Cook a arrested is a violation of the FDCPA, 15 U.S.C. § 1692e(4).

30. Defendant's actions has caused Plaintiff damages in the form of embarrassment, emotional distress, and attorney fees.

**Complaint Six**

31. Defendants' action in threatening to have Plaintiff John Cook a arrested is a violation of the UDCPA, O.R.S. § 646.639(2)(b).

Page 5- COMPLAINT

32. Defendants' actions has caused Plaintiff damages in the form of embarrassment, emotional distress, and attorney fees.

33. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiffs for declaratory judgement the Defendants' actions violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

34. As a result of the foregoing violations of the UDCPA, Defendants are liable to the Plaintiffs for a declaratory judgement the Defendants' actions violated the UDCPA, actual damages, statutory damages, punitive damages, costs and attorney's fees.

WHEREFORE, Plaintiffs John and Julie Cook respectfully requests that judgment be entered against Defendants as follows:

A. Declaratory Judgment that Defendants' actions violated the FDCPA and UDCPA;

B. Actual Damages in the amount of $75,000.00;

C. Statutory Damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000;

D. Punitive Damages in the amount of $150,000.00;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 6- COMPLAINT

E.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and O.R.S. § 646.641; and

F.   For such other relief that the Court may deem just and proper.

DATED this __17th__ Day of __March_____, 2005.

                                     By    _____
                                           Keith D. Karnes, OSB # 03352
                                           Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff requests a trial by jury in this matter.

                                           _____
                                           Keith D. Karnes, OSB # 03352
                                           Attorney for Plaintiff

Page 7- COMPLAINT

John –

J. Riley Catts
1800.334.2676 ext. 2171
needs for you to make
contact with him ASAP!

He phone me KenKlinger today
wanting me to get this message
to you. He will be in his office
until 4PM Central time. He is
calling from Houston, TX.

Ken

I'm at 242 Idell Ct. if you
want to contact me.   503.364.3637

Jack Coop

Jay Cater

1 800 3342676

EXT 2171

EXHIBIT  A
PAGE  1  OF  1